PETROPLUS, JUDGE:
This claim was instituted by the Claimant, Scott Wolverton, against the Respondent, West Virginia Department of Highways, for damages in the amount of $20,000.00, based on tort.
When the case was called for trial, the following facts were established:
The Claimant was walking along a highway known as State Route No. 15 between Webster Springs and Cherry Falls, West Virginia, at approximately midnight on June 17, 1971, when he was seriously injured when struck in the left leg by an automobile being driven by one Ronald Larry Cochran. He suffered fractures of the left tibia and fibula and severe shock and has been hospitalized in a number of hospitals for orthopedic treatment because of the nonunion of the fractures. His expenses for medical care and confinement have been quite substantial, exceeding the sum of $2500.00. As a result of the accident and the severe injury to his left leg, it appears that he will be crippled the remainder of his life.
Just prior to his departure from Webster Springs he conversed with a city policeman named Denver Gregory, approximately one-half hour before the accident, who testified that the Claimant appeared to be under the influence of intoxicants but not sufficiently under influence to justify an arrest. In rebuttal the Claimant testified that on his visit to Webster Springs that day he drank only two beers, one in the afternoon and one about 8:00 P.M. that evening in an unnamed pool room. He was quite emphatic that his total consumption of alcoholic beverages was limited to two beers.
*224 The night was foggy and misty and he was thoroughly familiar with the roadway over which he was traversing and aware of the existence of a large gravel pile on the berm of the highway, kept there by the West Virginia Department of Highways for road maintenance purposes. As he walked along the berm of the highway approaching this large gravel pile which extended about two feet over onto the paved portion of the highway, he was forced to go around the gravel pile into the highway in order to continue his journey. He did not see or hear the approach of the Cochran automobile from his rear, was struck and lay in a state of insensible shock until removed to the hospital. The highway where the accident occurred is comparatively straight and there was no obstruction to his view of vehicles approaching him from either direction with lit headlights, notwithstanding the foggy and misty nature of the atmosphere. The fog was not of sufficient density to impair the visibility of an approaching automobile. As the Claimant approached the gravel pile he observed no vehicles coming from either direction and contends that after looking in both directions he stepped out into the highway to go around the obstruction. The berm on the opposite side of the highway was too narrow for a pedestrian walk and the gravel pile being close to an embankment on the right side, it was impossible for the Claimant to go around it without traversing on the paved portion of the highway.
The Claimant contends he has a legal right to use the highway and that it was negligence on the part of the Respondent to place the gravel as to obstruct his passage over the highway or the berm thereof. Claimant’s theory of liability also is based on the contention that if the gravel had not been piled in such a negligent manner the accident would not have occurred as he would have been walking on the berm of the highway, safe from the hazard of approaching automobiles.
Because of the severe injuries sustained, the substantial medical expense, hospitalization, and permanent disability, this Court has given careful consideration to all of the evidence concerning the placing of gravel in such a position which would cause pedestrians to walk around it, exposing themselves to the hazards of vehicular traffic.
Since the Claimant contends his personal injuries were caused by the negligent obstruction of the gravel pile, we may assume for the *225 purpose of this Opinion that the Respondent was guilty of negligence to position the gravel in such a manner as to expose pedestrians to the hazards of walking on the highway to reach their destination. The assumption that the gravel was negligently stored in itself would not entitle the Claimant to recover unless he was free from contributory negligence which proximately contributed to or caused his personal injuries. Notwithstanding that it was a dark night and somewhat foggy, vehicles on the traveled portion of the road would be visible particularly when their headlights were burning.
The Claimant, according to the uncontradicted evidence, showed a disregard for his own safety. It is the duty of the pedestrian to exercise ordinary care for his safety, use his eyes, and protect himself against impending danger. If he does not do so when he has the opportunity so to do, he will be guilty of contributory negligence as a matter of law, Jackson vs. Cockill, 149 W. Va. 78. In the latter case it was held by our Supreme Court that a pedestrian who could have observed the lights of an approaching automobile had he looked effectively and who walked across a highway with his head down, is guilty of contributory negligence as a matter of law when struck and killed by such vehicle driven by a motorist who failed to observe the pedestrian until the time of impact.
As indicated herein, it is clearly apparent in this case that notwithstanding the negligence of the Respondent, if it be negligence to store gravel on the side of a road, the Claimant under the evidence presented in the record of this case was guilty of contributory negligence as a matter of law. Had he exercised the reasonable care required of him under the circumstances and maintained a proper and effective lookout for approaching vehicles, he should have seen the vehicle in time to avoid injury. To be actionable the negligence of the Respondent must be the proximate cause of the injury complained of. Proximate cause is a vital and essential element of his case, and he must sustain the burden of proving it to justify recovery in any action based on negligence. The Claimant had a duty to exercise care to avoid an injury, particularly when he realized and appreciated the danger involved in stepping out into a State highway at night. An ordinary prudent person would have done so with full appreciation of the dangers to which he would be exposed if walking on a highway in the darkness of night, and taken the necessary precautions against the hazards involved.
*226 The Court is of the opinion and finds that under the circumstances of this case the negligent storage of gravel was not the proximate cause of the accident, but on the contrary the Claimant’s failure to take the necessary precautions for own safety was the proximate cause of his injury.
For the foregoing reasons we are constrained to deny a recovery and no award will be made.
Claim disallowed.