RULEY, JUDGE:
On March 24,1977, claimant, Robert S. Atkinson, was driving his 1974 Pontiac Catalina south on U. S. Route 19 in Marion County. Swerving to the right to avoid an oncoming coal truck, he ran into a large rock on the berm. Mr. Atkinson and his wife sustained personal injuries; the car was totally destroyed. The evidence indicates that the day was sunny and the road was dry. The huge rock was only four inches from the edge of the pavement, where it had lain for approximately three months. Claimants allege that the State’s failure to remove the rock from the berm was negligent, *19 proximately caused their accident, and entitles them to recover the stipulated amount of $4,948.90 in damages.
The State is neither an insurer nor a guarantor of the safety of persons travelling on its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). But the State can be found liable if its maintenance of its roads falls short of a standard of “reasonable care and diligence...under all the circumstances.” Parsons v. State Road Commission, 8 Ct. Cl. 35 (1969). In this case, uncontroverted testimony established that this rock had been on the berm, close to the pavement, for at least three months. The State has been found negligent in the past for failure to keep a berm clear (Wolverton v. Dept. of Highways, 9 Ct. Cl. 223 [1973]); it can be found negligent in this case if it knew, or should have known, of the hazard posed by the rock and failed to correct the situation. Davis v. Dept. of Highways, 12 Ct. Cl. 31 (1977).
The Court finds that the presence of a boulder as large as the one struck by claimant, within four inches of the paved road, constitutes a definite hazard to traffic on the road. The Court also holds that the State had constructive notice of the existence of this hazard. Respondent should have detected the boulder and moved it during the three months preceding the accident. Its failure to do so constitutes negligence. Since Route 19 is so narrow, and travelled by coal trucks, it was easily foreseeable that vehicles, when passing each other, might edge onto the berm and strike a hazard like this one; therefore, the State’s negligence was also a proximate cause of the wreck.
This case was heard by this Court prior to the West Virginia Supreme Court’s recent decision in Bradley v. Appalachian Power (July 10, 1979), which adopted the rule of comparative negligence. In Bradley, the State Supreme Court adopted the retroactivity principles first enunciated in Li v. Yellow Cab, 13 Cal. 3d 804, 119 Cal. Rptr. 858, 532 P. 2d 1226 (1975) and Placek v. Sterling Heights, 275 N.W. 2d 511 (Mich. 1979), which applied newly-adopted rules of comparative negligence to cases which, as of the date of those opinions, had not yet reached trial, or cases on appeal in which the question of comparative negligence had been preserved for appeal. Accordingly, the rule of comparative negligence does not apply to this case.. The State will be free of liability if the claimant was contributorily negligent.
But the Court does not find any evidence of contributory negligence. There is no convincing evidence of speeding, or *20 inattention, on the part of the claimant. The claimant was neither familiar with the road, nor. aware of the boulder’s presence. Perhaps a more expert driver would not have struck the rock. But the claimant was driving at a normal speed, with his eyes on the oncoming coal trucks, and — -in adjusting his path to avoid the trucks — struck a boulder which was too close to the roadway. The evidence compels the Court to conclude that claimant behaved like a reasonably prudent driver, and was not contributorily negligent.
Accordingly, the Court finds the State liable in the stipulated amount of $4,948.90.
Award of $4,948.90.