RULEY, JUDGE:
The claimant seeks an award in the sum of $1,577.61 for damage allegedly sustained by its 1974 model Plymouth automobile when it collided with the respondent’s truck. The collision happened on Friday, June 6,1975, at a point on W. Va. Route 2 near Moundsville in Marshall County. At that time and place, Route 2 was a two-lane highway and was substantially straight and level for several hundred feet. Both vehicles were northbound, and, at the time of the accident, the claimant’s vehicle, driven by its employee, Ellis R. Abel, was engaged in an overtaking and passing maneuver. The respondent’s truck, driven by its employee, Christopher P. Shutler, was turning left. Mr. Shutler had slowed from about 50 mph to about 30 mph but had given no signal of his intention to turn left, thereby violating West Virginia Code §17C-8-8. He testified that the rear directional signals of the truck were broken. He also testified that, before beginning the left turn, he looked in his side view mirror and saw no vehicles approaching, which impels the Court to conclude that he must not have looked effectively. On the other hand, Mr. Abel violated West Virginia Code §17C-7-3(a) by failing to give an audible signal of his intention to pass. Accordingly, both drivers were guilty of negligence which combined to proximately cause the collision and resulting damage.
Since this case was heard after Bradley v. Appalachian Power Co.,....W.Va....., 256 S.E.2d 879 (1979), the Court must apply the doctrine of comparative negligence. Atkinson v. Department of *146 Highwyas, 13 Ct.Cl. 18 (1979). Applying that doctrine, it appears to the Court that the negligence should be allocated 40% to the claimant and 60% to the respondent. Inasmuch as the parties stipulated the claimed damage of $1,577.61, the claimant should receive an award of 60% of that sum, viz., $946.57.
Award of $946.57.