GARDEN, JUDGE:
At approximately 4:00 p.m. on December 7, 1975, claimant’s *195 decedent, Johnny Blankenship, was walking along Secondary Route 7 near Clear Fork, West Virginia, a highway owned and maintained by the respondent, when he was struck and killed by a pickup truck driven by Robert John Edwards. Mr. Edwards testified at the hearing that, as he was rounding a curve in Route 7, he saw a boy standing near the right side of the road, and swerved onto the berm to avoid striking him. When cutting back onto the surface of the highway, he lost control of his truck, which shot across the road and struck and killed the claimant’s decedent on the opposite side.
Testimony at the hearing further revealed that the berm along Route 7 at the scene of the accident was lower than the paved portion of the highway; that the drop was three to six inches; that accidents had occurred in the area prior to the Blankenship accident; and that numerous complaints regarding the condition of the highway had been made to the Department of Highways.
The berm of a highway must be maintained in a reasonably safe condition for use when the occasion requires. 39 Am. Jur. 2d “Highways, Streets, and Bridges” §488, Taylor v. Huntington, 126 W.Va. 732, 30 S.E.2d 14 (1944). The record indicates that there was a drop of three to six inches from a highway to its berm, and that complaints had been made to the respondent of the condition. The driver testified that he went off the road onto the berm to avoid hitting a boy. In such a situation, a driver’s use of the berm would be reasonably necessary. Atkinson v. Dept. of Highways, 13 Ct.Cl. 18 (1979).
The Court finds that the respondent was negligent in its failure to properly maintain the berm of the highway and awards the claimant $1,702.75 for hospital expenses, $2,511.11 for funeral and burial costs, and $10,000.00 for the wrongful death of Johnny Blankenship, for a total of $14,213.86.
Award of $14,213.86.