BAKER, JUDGE:
Claimant brought this action to recover damages for personal injuries and the loss of a tractor-trailer which occurred in a single vehicle accident on Route 60 near Rainelle, West Virginia. Claimants allege that the proximate cause of the accident was the failure of respondent to properly maintain the berm of Route 60 at the accident site. .
Respondent contends that the berm of the road was maintained in proper condition and that the accident occurred when claimant George Meisenhelder drove his tractor-trailer too close to the edge of the berm and the vehicle rolled over the side of the mountain.
The evidence established that the incident occurred on August 28, 1986. claimant George Meisenhelder, owner of a 1978 Freightliner tractor-trailer, was self-employed as an independent connecting carrier. He had picked up a load of Ford engines in Indianapolis, Indiana, under a contract with P. Y. Transport. The engines were bolted on an apparatus which was in turn bolted onto the inside of the trailer. His wife, claimant Nancy Meisenhelder, was traveling with him to Norfolk, Virginia. They left Indianapolis and stopped overnight in Winfield, West Virginia. The next morning (August 28, 1986) they left Winfield and were traveling on Route 60 toward Rainelle, West Virginia. As claimants approached Rainelle, they were traveling down Sewell Mountain. Claimant George Meisenhelder decided to pull his rig to the side of the road to check the brakes. There was no emergency. He noticed a wide area on his right and pulled off the road. As he was stepping out of the tractor, he felt the trailer move. He jumped back into the tractor as the rig began to roll over the side of the mountain. The rig made a full turn and ended up on its side with the passenger side of the tractor toward the ground leaning against some trees. Emergency personnel took the claimants to different hospitals. Claimant George Meisenhelder *81 suffered broken ribs. He has since recovered from his injuries. He was unable to work for approximately six to eight weeks due to his injuries, and his tractor-trailer outfit was a total loss. Claimant Nancy Meisenhelder suffered injuries to her back, neck, and hip. She also sustained cuts on her legs. She has received sporadic treatments for her back injury and still experiences back pain.
The testimony revealed several pertinent facts describing Route 60 at the vicinity of this accident. Route 60 is a paved, curvy two-land highway. It proceeds downhill at the site of this incident. There is a wide berm and a grassy area beyond the berm which is not considered by respondent to be a part of the berm. Beyond the grassy area, there is a drop off over the mountain. The width of the berm over a 100-foot section of the road extends from 11 feet with an additional 4 feet of grassy area to as wide as 16 feet with 4 feet of grassy area or a total of 20 feet wide in some places. There is also a culvert located approximately 6 to 10 feet below the road surface which protrudes from the bank on the mountain side. The ground surrounding the culvert is eroded. There is an indentation in the bank at the ground level as evidenced by a "half-moon" shape in the bank above the culvert. At the area of the culvert, the berm is approximately 11 feet and the grassy area beyond the berm is approximately 4 to 5 feet for a total area of 15 to 16 feet of ground. The tractor-trailer in which claimants were riding is approximately 8 feet in width.
Claimants contend that the bank at the area of the culvert gave way beneath the weight of the trailer when claimants were parked on the berm of Route 60 causing the rig to go over the mountain.
There is some confusion in the record as to exactly where the tractor-trailer went over the mountain. However, the Court is of the opinion that there was no evidence to support claimants' theory that the bank gave way beneath the weight of the trailer in the area of the berm and grassy area where the culvert is located. There were many photographs in evidence, as well as testimony from a law enforcement officer who was at the scene. No part of the shoulder or gravel area (the actual berm) had eroded, broken down or caved in any manner, but it is evident from the photographic exhibits that the berm sloped away from the paved portion of the road. The edge of the mountain does not appear to have broken away. To the contrary, it appears that the read right tires of the trailer may have been off the stabilized area, too close to the edge of the grassy area, and the rig, which weighed 75,000 or 76,000 pounds, tipped over the edge of the mountain of its own momentum. There was an area beyond the surface of the road at least 15 feet in width, and the rig was 8 feet in width. The berm area was wide enough in and of itself at a width of 11 feet to accommodate the tractor-trailer, and claimant, George Meisenhelder, would not have had to park the tractor-trailer on the grassy area beyond the berm. Therefore, the tractor-trailer would not have been near enough to the bank to tip over unless the rig was parked in the grassy area and at the edge of the bank.
The law of this Court in berm bases has been very consistent. Where a claimant uses the term of the road in an emergency situation, he may be entitled to recover damages if the berm is not maintained property by respondent. See Blankenship v. Dept. of Highways, 14 Ct.Cl. *82 194 (1982) and Cecil v. Dept. of Highways, 15 Ct.Cl. 73 (1984). Where a claimant proceeds onto the berm of his own accord, he takes the berm in the condition he finds it. See Sweda v. Dept. of Highways, 13 Ct.Cl. 249 (1980) and Cole v. Dept. of Highways, (Opinion issued Jan. 17, 1986). In the claim herein, claimants proceeded onto the berm by choice. There was no emergency. The Court is of the opinion that the berm on Route 60 at the location of the accident herein was maintained properly by respondent.
There being no finding of negligence on the part of the respondent, the Court is of the opinion to, and does, deny this claim.
Claim is disallowed.