PER CURIAM:
Claimant brought this action for vehicle damage which occurred s a result of a negligently, maintained berm while traveling northbound on Route 35, McGraws Run Road, in Valley Grove, one-half mile north of Atkinson’s Crossing Road. Route 35 is a road maintained by respondent in Ohio County. The Court is of the opinion to make an award in this claim for the reasons more.fully stated below.
The incident giving rise to this claim occurred on September 14, 1998, at approximately 9:30 to 10:00 a.m. On the sunny morning in question, claimant was proceeding southbound on Route 35, McGraws Run Road, en route to a construction site in his 1983 Ford 800 truck. At this location, Route 35 narrows from eighteen feet to sixteen feet and two inches. However, the southbound lane is only six and one-half feet wide. Earlier in the morning, claimant had traveled to Wheeling by a different road, but was proceeding back to the construction site on Route 35 because it was the shorter distance. Claimant had not been on the road since repairs had been made to the road. As claimant drove around a curve in the road, he was met by an oncoming truck. Claimant was forced to drive to the right when his vehicle dropped off of the edge of the pavement because of the width of the road. Claimant’s vehicle then slid off the road, went into a ditch, and hit the guardrail on the side of the road. After the incident, claimant used a cell-phone in his vehicle to telephone for a tow truck and the towing service in turn notified the Ohio County Sheriff s Department. A member of the Ohio County Sheriff’s Department, Cpl. Stephen Bowers, was the first to arrive on the scene and conducted an investigation. In addition, claimant had a camera in his vehicle and took photographs of the scene.
After claimant’s truck was removed from the ditch, claimant drove his truck to his residence. The vehicle sustained extensive damage to its front end. The vehicle was not repaired; the estimated cost of repair was $3,807.22. Also, claimant sustained a losses in the amount of $125.00 for tow truck service and $15.00 to receive a copy of the Ohio County Police Department report that was filed. The total loss sustained by claimant was in the amount of $3,947.22. Claimant did not have collision damage insurance on his truck.
This Court has been consistent in opinions involving berm claims. In Sweda *71 vs. Department of Highways, this Court held:
“The berm or shoulder of a highway must be maintained in a reasonably safe condition for use when the occasion requires, and liability may ensue when a motorist is forced onto the berm in an emergency or otherwise necessarily uses the berm of the highway.” Id. 13 Ct. Cl. 249 (1980)(citing 39 Am. Jur. 2d “Highways, Streets, and Bridges” § 488).
When a motorist uses the berm of the road in an emergency situation, that motorist may be entitled to recover damages if the berm is not properly maintained by respondent. Meisenhelder vs. Department of Highways, 18 Ct. Cl. 80 (1990).
In this claim, the Court is of the opinion that the berm on Route 35, McGraws Run Road, at the location of claimant’s incident, was not maintained properly by respondent and created a hazard to the traveling public. Both the photographic evidence presented by claimant and the Ohio County Sheriffs Department Police accident report establish that the road was not wide enough for two vehicles to pass each other without using the berm. If claimant had not proceeded to the berm of the road, any subsequent accident would have been his fault. Thus, claimant did not enter the berm of the road by his own choice. Claimant was forced off the road at the moment he was confronted by the oncoming truck. The negligent maintenance of the berm on Route 35 was the proximate c ause o f t his in cident f or w hich c laimant m ay r ecover f or t he da mage sustained to his truck.
In view of the foregoing, the Court is of the opinion to and does make an award to claimant in the amount of $3,947.22.
Award of $3,947.22.