BAKER, JUDGE:
Claimant brought this action for the value of his vehicle after the berm on County Route 58 (Left Fork Road) gave way, causing his vehicle to fall over an *75 embankment. County Route 58 is a road maintained by respondent in Lincoln County. The Court is of the opinion to make an award in this claim for the reasons more folly stated below.
The incident giving rise to this claim occurred on March 11, 1997, at approximately 9:00 p.m. County Route 58 is a rural residential road classified as a secondary road with a speed limit of thirty miles per hour. Guardrail is installed at several places along the road. The width of the asphalt paved portion of the road is about thirteen to fourteen feet. The north berm has a width of two feet, while the south berm has a width of three feet. There are no line markings on the road. At night, the line of sight on the road in the area of the accident is approximately three-hundred-fifiy feet.
According to respondent’s daily records, there was a significant flood in the area dining the first part of March 1997. This situation placed respondent’s employees on the status of emergency patrol of the roads. At the time, about three-fourths of the roads in Lincoln County were being repaired. This flood cleanup lasted for approximately three months. During this time, respondent had been cleaning ditches on County Route 58. On the day of the incident, a grader was used on County Route 58 to remove excess mud which was then placed onto the berm of the road . This road work left approximately three feet of mud on the side of the road. Mud was hanging on the weeds along the side of the berm.
On the evening in question, claimant and a friend, Daniel Miller, were returning from a fishing trip traveling eastbound on County Route 58 in claimant’s 1994 Toyota pick-up truck. The truck had an odometer reading of 62,568. Earlier in the day, it had been sprinkling. As claimant proceeded along the road with the aid of the vehicle’s headlights, he was met by an oncoming vehicle. Claimant slowed the speed of his vehicle and veered over to the south berm of the road in order to make room for the oncoming vehicle to pass. The vehicle's passenger side terrain tires went onto the south berm. Suddenly, the south berm gave way beneath the weight of claimant’s vehicle and his vehicle slipped down the embankment, coming to rest on its top. Neither claimant, nor his friend, suffered personal injuries.
After the accident, Sergeant A. W. Robinson, a member of the West Virginia State Police, investigated the incident, notified respondent, and filed an incident report. Later in the evening, an uncle of claimant’s wife accompanied claimant to the site of the incident to take photographs of the scene. The next day, claimant and his parents went to the site and took additional photographs.
Claimant obtained an estimate of the vehicle damage which stated that amount of repairs exceeded the value of the vehicle. Consequently, the vehicle was declared to be “totaled.” The blue book value of the vehicle was in the amount of $4,950.00. *76 Claimant’s vehicle was insured under a liability insurance policy, but there was no collision insurance coverage for this incident. Eventually, the vehicle was salvaged for $500.00.
This Court has been very consistent in regard to berm claims. In Sweda vs. Department of Highways, this Court held:
“The berm or shoulder of a highway must be maintained in a reasonably safe condition for use when the occasion requires, and liability may ensue when a motorist is forced onto the berm in an emergency or otherwise necessarily uses that berm of the highway.” Id., 13 Ct. Cl. 249 (1980) (citing 39 Am. Jur. 2d Highways, Streets, and Bridges § 488).
When a motorist uses the berm of the road in an emergency situation, that motorist may be entitled to recover damages if the berm is not properly maintained by respondent. Meisenhelder vs. Department of Highways, 18 Ct. Cl. 80 (1990).
In the instant claim, the Court is of the opinion that the berm on County Route 58 (Left Fork Road) was not properly maintained by respondent. The photographic evidence and testimony adduced at the October 1,1999, hearing demonstrated that the road was not wide enough for two vehicles to pass on the road without one of the vehicles having to use the berm. Respondent knew or should have known this fact. As respondent cleaned the ditches on County Route 58, it should have taken reasonable precautions that the mud that was pushed onto the berm of the road was stable enough to support a vehicle that was forced onto the berm of the road. In this situation, claimant should have been able to rely on the south berm on County Route 5 8 as he and his friend made their way back from their fishing trip. Claimant’s vehicle having fallen over the south berm reflects negligent berm maintenance on County Route 5 8 by respondent for which claimant is entitled to recover his loss.
In view of the foregoing, the Court is of the opinion to and does make an award to claimant in the amount of $4,450.00, the blue book value of claimant’s vehicle minus $500.00, which claimant received for the salvage value of the vehicle.
Award of $4,450.00.