PER CURIAM:
Claimant brought this action for vehicle damage which occurred as a result of a negligently maintained berm while he was traveling westbound on Route 23/7, Clifton Heights Boulevard, approximately one-hundred-seventy-five feet east from Route 23/5, Cedar Rocks. Route 23/7 is a road maintained by respondent in Ohio County. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred on August 11, 1998, at approximately 7:45p.m. On the dry evening in question, claimant’s wife, Phyllis Renae Toto, was proceeding westbound along Route 23/7, just below Jones Street, to her parents’ residence, which is forty minutes away from her Adena, Ohio, residence. At this location on Route 23/7, the right side of the road has a downward slope and the left side of the road has a bank with a hillside. Claimant’s wife travels Route 23/7 about once per week. In the past, claimant’s wife had not noticed the deterioration in the berm of the road. As she drove on the narrow, twelve to fourteen foot, black top, second *103 priority local service road, she was confronted by three oncoming vehicles. When the vehicles passed her 1998 Chevy Malibu, the vehicle’s passenger side front tire struck the edge of the pavement, which was experiencing deterioration in the berm about ten to twelve inches deep.
The incident burst the vehicle’s tire. Since claimant’s wife was not able to repair the tire, the vehicle remained on the side of the road until her brother, a mechanic, could arrive to render assistance. The resulting loss to claimant was in the amount of $105.82. Claimant’s vehicle was insured under a motor vehicle insurance policy that contained a deductible feature of $250.00.
The position of the respondent was that it did not have actual or constructive notice of the deterioration of the berm along Route 23/7. Respondent previously had no record of any complaint about deterioration in the berm of Route 23/7.
This Court has been very consistent in its opinions in berm claims. In Sweda vs. Department of Highways, this Court held:
“The berm or shoulder of a highway must be maintained in a reasonably safe condition for use when the occasion requires, and liability may ensue when a motorist is forced onto the berm in an emergency or otherwise necessarily uses the berm of the highway.” Id. 13 Ct. Cl. 249 (1980)(citing 39 Am. Jur. 2d “Highways, Streets, and Bridges” § 488).
When a motorist uses the berm of the road in an emergency situation, that motorist may be entitled to recover damages if the berm is not properly maintained by respondent. Meisenhelder vs. Department of Highways, 18 Ct. Cl. 80 (1990).
In this present claim, the Court is of the opinion that the berm on Route 23/7, Clifton Heights Boulevard, at the location of the incident, was not maintained properly by respondent. Due to the narrow size of the road and berm deterioration, claimant’s wife did not proceed onto the berm by her own choice. In effect, she was forced off the road at the moment she was confronted by oncoming traffic.
In view of the foregoing, the Court is of the opinion to and does make award in the amount of $105.82.
Award of $105.82.