PER CURIAM:
Claimants brought this action for vehicle damage sustained when their son was driving their vehicle and he drove onto a deteriorated beim on County Route 38, locally known a s C ampbell H ill R oad, in M oundsville. A t this 1 ocation, County Route 38 is maintained by respondent in Marshall County. The Court is of the opinion to make an award in this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred on July 4, 2000, at approximately 3:00 to 5:00 p.m. Claimants’ son, Joshua Daniel Forester, was traveling on County Route 38 in claimants’ 1989 Jeep Cherokee at a speed of about twenty to twenty-five miles per hour. Mr. Forester was proceeding from his residence to John Marshall High School. Mr. Forester frequently travels this road. Claimants were following behind their son in another vehicle. At this location, County Route 38 is a narrow, two-lane, asphalt road of secondary priority with a steep grade. It is approximately sixteen to eighteen feet wide and it does not have any centerline or edge lines. Moreover, there is no berm area. Guardrail is located on one side of the road whereas on the other side of the road there is a sloping embankment that is covered by vegetation. As Mr. Forester proceeded downhill, he was confronted by an oncoming pickup truck proceeding uphill. Mr. Forester maneuvered the vehicle toward the edge of the road in order to safely pass the truck. Suddenly, the vehicle began to skid and sank about twenty inches into the vegetation in the berm area. The vehicle then bottomed out after traveling a short distance in the berm area. The impact burst the two passenger side tires and damaged the underneath of the vehicle. Since the vehicle was insured only under a liability motor vehicle insurance policy, claimants were responsible for the sustained damage in the amount of $510.61.
The position of respondent is that it did not have notice of the defective condition of the berm on County Route 38 in Marshall County. According to County Administrator Ronald William Faulk, the area in question is a known landslide area. During the 1980's, a piling project was conducted in order to stabilize the area. Respondent paved the road several years ago, but Mr. Faulk stated that the berm had not been built up to the edge of the pavement. After the incident, respondent placed almost one-half ton of gabion stone on the berm. Mr. Faulk further testified that respondent did not have any records of complaints regarding this area within the past twelve years.
This Court has been very consistent in regard to berm claims. In Sweda vs. Department of Highways, this Court held:
*248 “The berm or shoulder of a highway must be maintained in a reasonably safe condition for use when the occasion requires, and liability may ensue when a motorist is forced onto the berm in an emergency or otherwise necessarily uses that berm of the highway.” Id., 13 Ct. Cl. 249 (1980) (citing 39 Am. Jur. 2d Highways, Streets, and Bridges § 488).
When a motorist uses the berm of the road in an emergency situation, that motorist may be entitled to recover damages if the berm is not properly maintained by respondent. Meisenhelder vs. Department of Highways, 18 Ct. Cl. 80 (1990).
In this claim, the evidence established that respondent had at least constructive if not actual knowledge of the berm area of County Route 38. The Court is of the opinion that the berm of the road constituted a hazardous condition. Claimants’ son should have been able to rely on a safe berm when confronted by oncoming traffic. Consequently, there is sufficient evidence of negligence on the part of respondent by which claimants may recover their loss.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award in this claim.
Award of $510.61.