RULEY, JUDGE:
At approximately 8:00 a.m. on an unspecified day in September, 1979, the claimant was driving his 1972 Ford automobile east on City Crest Drive in Huntington, West Virginia. As he rounded a curve to his right, a truck met and passed him. At no time did the truck cross over the center line of this two-lane road. In passing the truck, the claimant dropped both right wheels off the pavement and both wheels struck a concrete culvert immediately adjacent and perpendicular to the pavement. The top of the culvert was level with the pavement, but there was a drop of six to twelve inches in the berm beside it and beside the pavement. Claimant seeks the sum of $72.97 for damages to his vehicle.
The berm or shoulder of a highway must be maintained in a reasonably safe condition for use when the occasion requires, and liability may ensue when a motorist is forced onto the berm in an emergency or otherwise necessarily uses the berm of the highway. 39 Am. Jur. 2d “Highways, Streets, and Bridges” §488, Taylor v. Huntington, 126 W.Va. 732, 30 S.E.2d 14 (1944). Maintenance of the concrete culvert or drain adjacent to and perpendicular to the paved portion of the highway, with a sheer drop of six to twelve inches between it and the pavement, certainly created an unsafe condition. In fact, it was almost a trap. Accordingly, there can be no debate about the respondent’s negligence. However, the Court cannot conclude under the evidence in this case that the claimant was forced onto the berm or otherwise necessarily used it. He had nine feet of pavement in his traffic lane, and the evidence is undisputed that the vehicle which he was meeting and passing did not cross the center of the roadway. In addition, West Virginia Code §17C-7-1 provides in part: “Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway”, and West Virginia Code §17D-1-37 defines roadway as “that portion *250 of a highway improved, designed, or ordinarily used for vehicular travel, exclusive of the berm or shoulder.” (Emphasis supplied.) In view of the statutes and the circumstance that the claimant was not forced onto the berm, it appears that the claimant himself was guilty of negligence which equaled or exceeded that of the respondent; therefore, the claim must be denied. Bradley v. Appalachian Power Co., ....W.Va., 256 S.E.2d 879 (1979).
Claim disallowed.