WALLACE, JUDGE:
This claim was filed by the claimant against the respondent for damages to her automobile which occurred on May 28, 1978, at about 8:00 p.m.
Rose Cathliné Shaffer, a niece of the claimant, was driving claimant’s 1969 Buick Sports Wagon in an easterly direction on *326 West Virginia Route 13 near Simpson, West Virginia, in Tyler County. The claimant was a passenger in the vehicle. Mrs. Shaffer testified that the road was fairly straight and level, and that she was proceeding at approximately 15 to 20 miles per hour when she encountered an oncoming vehicle with bright lights coming toward her over the center line of the road. Mrs. Shaffer attempted to drive on the berm, which was nonexistent, and the automobile turned upside-down in the creek adjacent to the road. In her testimony, Mrs. Shaffer stated, “Well the road is real narrow, very narrow, and I thought there was a little bit of berm on that road, maybe a foot or a foot and a half, but when we came to this place and the car ahead of me had their lights on me I just tried to get over about a foot or a foot and a-half and there were no berm at all, so we just went right straight over on our top in the creek.”
Paul Currey, Maintenance Supervisor for the respondent, testified that the road was about 20 feet wide in the area of the accident, that a stream ran parallel to the road, and that there was a ditch on the opposite side. He stated that there was no berm for approximately 20 feet due to stream erosion, and that there were no guardrails because there was no place to put them. He further stated that West Virginia Route 13 was a heavily-traveled feeder road and that no signs existed to warn of the danger. Mr. Currey also testified that it would be necessary for the respondent to acquire additional right of way and relocate the stream in order to construct a berm.
There was no professional evidence introduced pertaining to damages to the vehicle.
The claimant testified that she purchased the automobile about three months prior to the accident for $500.00 plus tax and title cost, that it was a total loss, and that she had it towed to her home for $51.00. She had made no effort to sell the salvage, and she had no insurance.
The evidence does not establish any negligence on the part of the driver of the automobile. The respondent knew or should have known that Route 13 was a narrow road and that motorists might be required to leave the hard surface in order to pass approaching vehicles. It was the duty of the respondent to see that the berm adjacent to the road was sufficient to safely accommodate such vehicles. See Conn v. Dept. of Highways, 13 Ct.Cl. 194 (1980); *327 Wilson v. Dept. of Highways, 11 Ct.Cl. 139 (1976); Sweda v. Dept. of Highways, 13 Ct.Cl. 249 (1980).
Accordingly, the Court makes an award to the claimant in the amount of $451.00, taking into consideration the possible salvage value of her automobile.
Award of $451.00.