PER CURIAM:
The claimant, Joel A. Maddy, seeks an award of $10-9.12 from the respondent, Division of Highways, for damage to his vehicle. On the evening of June 27, 1995, the claimant was traveling west on Route 12, also known as Smith Creek Road. The weather conditions were fair, and the claimant was driving a 1991 Honda Civic. As the claimant proceeded around a curve, the wheels of his vehicle dropped off of the roadway and into a ditch. According to the claimant, he was driving close to the ditch to avoid an oncoming vehicle. The record reveals that Route 12 is a two lane road, and the claimant’s lane of travel was seven feet ten inches wide at the location of the accident. Photographs of Route 12 indicate that the pavement surface is adjacent to a ditch and a steep hillside. The photographs also illustrate that there is no space between the edge of the pavement and the ditch.
As a result of the accident, the tire and wheels of the vehicle were damaged. Although the damage was covered by the claimant’s insurance, the claimant testified that the cost to repair his vehicle totaled $109.12 and his insurance deductible was $250.00.
Charles Smith, a maintenance crew chief for the respondent, admitted that the pavement surface on Route 12 narrows where the accident occurred. Mr. Smith also testified that the ditch line is partially blocked by a mailbox post. As a result, the ditch fills up with water which causes the edge of the pavement to break apart.
This Court has held in other claims that the respondent has a duty to maintain road berms in a reasonably safe condition. Sweda vs. Dept. of Highways, 13 Ct. Cl. 249 (1980); Hinkle vs. Division of Highways, unpublished opinion issued December 10, 1991, CC-89-97.
*71 The record in this claim indicates that the respondent was aware of the dangerous condition along Route 12 and failed properly to repair the pavement or warn motorists of the narrow roadway. Moreover, the claimant had a reasonable expectation that the pavement surface would be a consistent width throughout the length of the curve, and he was not negligent in the operation of the vehicle. Therefore, based on the above, the Court finds that the respondent is liable for the damage to the claimant’s vehicle. Accordingly, the Court makes an award to the claimant in the amount of $109.12.
Award of $109.12.