PER CURIAM:
The claimants, Roger D. Dolan and Debra Huffman Dolan, seek an award of $7,000.00 from the respondent, Division of Highways for damage to their 1990 four wheel drive Subaru Legacy. The damage occurred on July 17, 1994, at approximately 9:00 a.m., as a result of a traffic accident. According to Ms. Dolan, she was driving west on U.S. Route 60 west of Lewisburg, in Greenbrier County, when she encountered an oncoming vehicle. Ms. Dolan avoided the oncoming vehicle, but both tires on her vehicle “dropped off the pavement”. Ms. Dolan attempted to gradually guide her vehicle back onto the roadway. However, she lost control of her vehicle and it slid over an embankment. Fortunately, Ms. Dolan escaped the accident without injury. Photographs of the accident location indicated that U.S. Route 60 is a two lane black top road, and *86 the pavement surface is twenty-two feet wide. At the time of the accident, the roadway was wet, but was not covered with water. Ms. Dolan further testified that the vehicle which approached her never crossed the double-yellow line which separated the travel lane.s of the highway. The cost to repair the claimants’ vehicle was estimated to be $6,045.98.
The accident was investigated by Sergeant Bruce Arthur Sloan of the West Virginia State Police. Sgt. Sloan testified that the berm of the road was lower than the pavement surface, but he did not believe that this condition was a contributing factor to the accident. Sgt. Sloan further testified that the claimants’ vehicle traveled between 400 and 500 feet from the point where it initially left the road to where it came to rest.
This Court has held on other occasions that the respondent has a duty to maintain road berms in a reasonably safe condition. Sweda vs. Department of Highways, 13 Ct. Cl. 249 (1980). However, this duty does not make the respondent a guarantor of the safety of motorists upon its highways. In order to recover an award, a claimant must prove a road defect existed which was the proximate cause of his or her damages, and that the respondent had notice of the defective berm and a reasonable opportunity to correct the defect.
The facts in this claim do not establish that the berm along U.S. Route 60 was the .proximate cause of Ms. Dolan’s accident. In addition, no evidence was presented to establish that the respondent had notice of any defect in the berm. Therefore, this claim must be denied.
Claim disallowed.