PER CURIAM:
The claimant, Janie S. DeLung, seeks an award of $129.21 from the respondent, Division of Highways, for damage to her vehicle. The damage occurred on February 16, 1996, at 10:00 p.m., while the claimant was driving on Route 612 in Fayette County. According to the claimant, she was traveling between thirty and thirty-five miles per hour when an oncoming truck forced her to drive off the paved portion of the road. As a result, the claimant’s vehicle struck a large hole and damaged a tire. The cost to replace the tire totaled $129.21.
The claimant testified that she travels Route 612 every day, and she normally slows down when she approaches the hole. The claimant also stated that she had informed the respondent about the hole prior to the accident. Photographs of the hole indicated that it was located near the edge of pavement. The hole was approximately four feet long, eighteen inches wide, and nine inches deep.
*107 John Zimmerman, the Fayette County supervisor for the respondent testified that he received a call about the hole from the claimant during the early part of 1996. However, Mr. Zimmerman testified that weather conditions prevented maintenance forces from repairing the hole.
This Court has held numerous occasions that the respondent has a duty to maintain the shoulder and berm adjacent to a roadway in reasonably safe condition. Sweda vs. Dept. of Highways, 13 Ct. Cl. 249 (1980); Hinkle vs. Division of Highways, unpublished opinion issued December 10, 1991, CC-89-97. However, severe winter weather can create adverse road conditions which require the respondent to concentrate its maintenance efforts upon snow removal and ice control activities rather than typical day-to-day maintenance activities. When these conditions arise and prevent maintenance work on road defects which present an unusual risk to motorists, the respondent should warn motorists of the problem by placing a sign or cone near the road defect until it can be repaired.
In the instant claim, the record indicated that the respondent was on notice of the hole for approximately one month prior to the accident, but the respondent was unable to correct the hole because its maintenance forces were primarily engaged in snow removal activities during January and February of 1996. Although these weather conditions prevented the respondent from repairing the hole, the weather should not have prevented the respondent from warning motorists of the hazardous road defect. However, the evidence also established that the claimant was familiar with the condition of Route 612, and she had successfully traveled through the area on other occasions.
Therefore, the Court finds that the accident involved in this claim is a result of the combined negligence of the respondent and claimant. Accordingly, the Court makes a reduced award to the claimant in the amount of 70% of her damages.
Award of 490.45.