PER CURIAM:
The claimant, Douglas M. White, seeks an award of $500.00 for damage to his vehicle, a 1978 Plymouth. The damage occurred on June 22, 1995, at approximately 7:00 p.m., while the claimant was driving on Huffs Run Road in Ohio County. During the drive, the claimant traveled onto the shoulder of the road to pass an oncoming vehicle and the shoulder collapsed. As a result, the claimant’s vehicle slide over an embankment and rolled into a small stream. Although the claimant’s vehicle was severely damaged, the claimant was not injured in the accident. The claimant testified that he was traveling twenty miles per hour when the shoulder collapsed, and there were no warning signs posted along the road. The claimant also testified that he has traveled Huffs Run Road numerous times, and he has never had a problem while driving on the shoulders of the road.
Huffs Run Road is a low priority local service road which is approximately twelve feet wide. The surface of the road is a mixture of soil and gravel. A photograph of the accident location corroborated the claimant’s testimony that the shoulder of the road collapsed.
Several photographs of the claimant’s vehicle illustrated that the roof was destroyed and the *175 front windshield was broken. An accident report prepared by the Ohio County Sheriffs Department stated that the approximate cost to repair the vehicle was $500.00.
Thomas Simms, an assistant maintenance superintendent for the respondent in Ohio County, testified that he attempts to inspect the condition of all the roads in Ohio County at least once every two weeks. According to Mr. Simms, severe flooding “washed out” the embankments and blocked the culverts at several locations along Huffs Run Road prior to June 22, 1995; however, he was unaware that the embankment at the scene of the accident was in poor condition. Mr. Simms believed that the shoulder failure was caused by a stream which had undermined the embankment.
It is well established that the respondent has a duty to maintain the berm or shoulder of a highway in a reasonably safe condition, and liability may ensue when a motorists is forced onto the berm in an emergency or otherwise necessarily uses the berm of the highway. Sweda vs. Dept. of Highways, 13 Ct. Cl. 249 (1980) and Hinkle vs. Division of Highways, unpublished opinion issued December 10, 1991, CC-89-97.
Based on the evidence presented in this claim, the Court finds that motorists traveling on Huffs Run Road had to travel on the shoulder of the road at times due to the narrow road surface, and the claimant’s use of the shoulder was reasonable and foreseeable. The evidence also established that the respondent was aware a flood had weakened the shoulders of the road in several locations, but it took no action to warn motorists of this condition. Therefore, the Court finds that the claimant has established liability on behalf of the respondent. The Court hereby makes an award to the claimant in the amount of $500.00.
Award of $500.00.