PER CURIAM:
Claimant seeks an award for damage to his 1991 Toyota Camry station-wagon which occurred when he encountered a depression in the berm area of Route 34 in Lincoln County.
Claimant states that on August 2, 1996, he was driving in an easterly direction on Route 34 towards Hurricane. It was between 6:00 and 8:00 p.m., and the claimant had just crossed a newly constructed bridge at Coon Creek. The evidence indicates that Route 34 in this area is a paved two-lane road with several curves. Photographs introduced by the claimant indicate that the road surface on the curve where claimant was traveling was slightly inclined towards the berm.
The claimant testified he was driving about 35 miles an hour when he steered to the right side of his lane to create enough room to safely avoid oncoming traffic. At this point, the vehicle’s right wheels dropped off onto the berm where it encountered several holes where the berm area had apparently eroded away from the pavement. The claimant’s right front tire was damaged and the wheel rim was bent. The vehicle also required a front alignment. Claimant’s insurance deductible is $200.00.
The claimant testified that the oncoming traffic did not cross the center line into his lane, but that he moved to the right side of his lane to create a safe distance between the two vehicles. *11 Claimant introduced into evidence several photographs taken two weeks after the accident indicating that the berm area was quite rough with numerous depressions and holes adjacent to the paved area of the road.
John Sammons, the respondent’s maintenance assistant for Lincoln and Logan counties, testified that he was familiar with the road generally, but he had no personal knowledge of rough berm conditions prior to claimant’s accident. Sammons testified that respondent’s maintenance records do not indicate any prior complaints about the berm area. However, Mr. Sammons testified that construction on the bridge had just been completed in June or July of 1996, roughly two months before claimant’s accident. He also testified that respondent’s work crews continuously are engaged in berm maintenance and that the berm on Route 34 has been repaired several times since 1996.
It is the law of West Virginia that the State has a duty to exercise reasonable care and diligence in maintaining roads under all circumstances. In order to establish negligence on behalf of the respondent for damage caused by a road defect, a claimant must prove, by a preponderance of the evidence, that the respondent had either actual or constructive notice of the defect and a reasonable opportunity to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt vs. Division of Highways, Unpublished opinion issued April 4, 1995, (CC-94-26). The Court has also held that when a motorist must use the berm area in order to safely avoid oncoming traffic, that the respondent has a duty to properly maintain the berm. USF&G, as Subrogee of Margolis vs. Dept. of Highways, Unpublished opinion issued November 28, 1989, (CC-87-20). Cecil vs. Dept. of Highways, 15 Ct. Cl. 73 (1984).
The evidence indicates that the respondent had recently been engaged in bridge construction in the area prior to claimant’s accident and that berm maintenance work was an ongoing part of respondent’s road maintenance concerns. Respondent should have known of the deteriorating condition of the berm in this area. Further, the claimant acted reasonably in steering his vehicle toward the berm to safely avoid oncoming traffic.
Accordingly, the Court is of the opinion to, and does make an award to the claimant in the amount of $200.00
Award of $200.00.