PER CURIAM:
*22 The claimants seek $2,200.00 for damage to their 1988 Ford Tempo, caused when claimant Jessica Haden encountered deteriorated pavement and a large hole on the berm on Kings Run Road in Randolph County. The Court makes an award based upon comparative negligence for the reasons stated below.
The incident giving rise to this action occurred on March 14, 1996, at approximately 7:00 p.m. Claimant Jessica Haden was driving west on Kings Run Road approximately one quarter of a mile from US Route 250 near Elkins. The weather was clear and dry. Kings Run Road (County Route 24) in this area is a paved, unlined road, and drivers must necessarily drive on the berm in order to pass oncoming vehicles safely. It is a second priority road in terms of maintenance. The evidence adduced at hearing established that as the claimant came around a curve, she encountered an area where the road surface was severely deteriorated with multiple holes and cracks in the pavement. She slowed down and steered her vehicle to the right to avoid the rough pavement. At that point the vehicle’s right tire lodged in a hole in the gravel berm, causing her to lose control of the vehicle which struck an embankment and flipped over onto its roof. The claimant stated that she was traveling approximately 40 miles per hour just prior to encountering the rough road. The respondent introduced evidence establishing that the current posted speed limit is 35 miles per hour, although it was not clear what the speed limit might have been at the time of the accident.
The claimant was the sole occupant and she did not suffer any physical injuries. The vehicle was a total loss and was sold for salvage value of $185.00. The claimants had purchased the vehicle in 1995 for $2,800 and now seek recovery of $2,200 representing the depreciated value of the vehicle immediately prior to the accident. Claimants carried liability insurance only.
Claimant Jessica Haden was familiar with the road and traveled it daily to and from work. She stated that it was her normal practice to avoid the rough pavement by steering over to the right-side berm to avoid the holes.
Respondent’s evidence established that respondent was aware of the deteriorated conditions on Route 24 at the time of the accident. Lewis Gardner, assistant supervisor for Randolph County, testified that the road surface had considerable “alligator cracking” on blacktop which was indicative of underlying base failure. He stated that the road was scheduled for resurfacing, but that the respondent’s employees had to concentrate maintenance efforts on widespread flood damage throughout the county at the time. The testimony further established that the respondent was aware that motorists on Route 24 were likely to use the berm area.
This Court has held that in order for the respondent to be held liable for a road hazard, the respondent must have actual or constructive notice of the defect and a reasonable opportunity to take remedial measures. Pritt vs. Division of Highways, 16 Ct. Cl. 8 (1985). The Court has also held that the respondent has a duty to maintain road berms in a reasonably safe condition and liability may arise when a motorist is forced onto the berm in an emergency. Sweda vs. Dept. of Highways, 13 Ct. Cl. 249 (1980). In view of the foregoing the Court is of the opinion that the respondent failed to take adequate remedial measures to repair the road in question. However, the Court is also of the opinion that the claimant was 20 percent at fault for failing to exercise due caution. Therefore, the Court makes an award of $1,612.00; representing 80 percent of the vehicle’s $2,200.00 value less its $185.00 salvage value.
Award of $1,612.00.