PER CURIAM:
The claimant brought this action for damage to her 1989 Mercury Tracer, which occurred after her vehicle dropped off onto the berm area on US 219 South in Randolph County. For the reasons stated below, the Court will make a comparative award in favor of the claimant.
The incident giving rise to this claim occurred on June 7, 1997, at approximately 1:00 p.m. The claimant was traveling approximately 55 miles per hour southbound on US 219 towards Elkins. The weather was dry and clear. Route 219 in this area is a straight and level, two-lane, paved road with a gravel berm. The claimant stated that when she steered to the edge of her lane to avoid an oncoming logging truck, her vehicle dropped onto the berm, bending the stabilizer bar and causing her to lose control. The vehicle flipped several times and came to rest on an embankment. The claimant suffered bruises and lacerations and required 17 stitches. The claimant’s infant son was riding in a child restraint seat and was unhurt. The claimant’s medical bills were covered by insurance. The vehicle, valued at $960.00, was a total loss. The claimant carried liability insurance only on the vehicle.
The evidence adduced at hearing was that the claimant pulled over to the edge of her lane to avoid an oncoming logging truck, but the truck had not actually crossed into her lane of traffic. The police report stated that the cause of the accident was the claimant’s failure to maintain control. A video tape admitted into evidence indicated that the drop-off onto the berm in this area was approximately five to seven inches deep in places.
It is well established that the State of West Virginia is neither an insurer nor a guarantor of thesafety of motorists upon its roads. To be held liable for road defects, the claimant must prove that the respondent had actual or constructive notice of the defect and a reasonable opportunity to take remedial action. Pritt vs. Dept. of Highways, 16 Ct. Cl. 8, (1985), Hamon vs. Dept. of Highways, 16 Ct. Cl. 127 (1986). The Court has also held that, in the absence of an emergency, when motorists drive on the berm area due to failure to maintain control, the driver takes the berm as he or she finds it. Sweda vs. Dept. of Highways, 13 Ct. Cl. 249 (1980). After mature review of the evidence, the Court is of the opinion that the berm area at issue had been in a state of disrepair for some time and that the respondent had reason to know of this defect. However, the Court is also of the opinion that the claimant’s failure to maintain control played a substantial contributing factor in this accident. Therefore, the Court reduces the award to the claimant by 25 percent. Accordingly, the Court makes an award in the amount of $720.00.
Award of $720.00.