PER CURIAM:
The claimant brought this action for damage to her 1993 Nissan Sentra after encountering a concrete head wall on the berm of a road maintained by the respondent in Summers County.
The incident giving rise to this claim occurred on October 20,1996, at approximately 10:20 p.m. The claimant was driving on County Route 17 (Barger Springs Road) toward Alcott. The evidence adduced at hearing was that Route 17 in this area is a one-lane paved road with a gravel berm that is secondary in terms of maintenance priority. The claimant testified that her vehicle struck a culvert head wall when she pulled over onto the berm in order to permit an emergency vehicle to pass her. The vehicle sustained two flat tires. The claimant seeks damages in the amount of $107.00 to replace the tires, as well as $66.88 in lost wages from her job that night. The claimant’s insurance deductible was $250.00.
The claimant testified that she was driving approximately 25 miles per hour. The evidence established that the paved portion of the road is approximately eleven feet wide and that the gravel berms are approximately three to four feet wide. The evidence further indicates that in order for two vehicles to safely pass one another, the berm must be used. The head wall was described as approximately eight inches wide and ten inches high. At the time, it was not marked with reflectors. Photographs introduced by the respondent established that the head wall was located on the outside edge of the berm and was partially obscured by grass and debris. Respondent’s position is that it had no prior notice that the head wall created a hazard for motorists.
The Court has held that where the claimant is forced to use the berm in an emergency situation, he/she may be entitled to recover damages if the berm is not properly maintained. However, where the claimant proceeds onto the berm of his own accord, he/she takes the berm as he/she finds it. Sweda vs. Dept. of Highways, 13 Ct. Cl. 249 (1980), Meisenhelder vs. Dept. of Highways, (CC-88-149), unpublished opinion issued August 10, 1990. The evidence establishes that the proximate cause of the claimant’s accident was the respondent’s failure to properly maintain the head wall at issue so that motorists would be able to see and avoid it when forced to use the berm. Therefore, the Court is of the opinion that the claimant is entitled to an award in the amount of $107.00 for her out-of-pocket costs for damage to her vehicle. The Court is also of the opinion that the claimant is entitled to an award of $51.50 in net lost income, reflecting her total lost wages reduced by her approximate income tax rate of 23 percent. Accordingly the Court does hereby grant an award in the amount of $158.50.
Award of $158.50.