PER CURIAM:
The claimant brought this action for damage to a 1986 Honda Accord, which occurred when claimant’s vehicle struck a large hole on the shoulder of Interstate 79 near the 125 mile marker.
The incident giving rise to this claim occurred on October 10, 1997, at approximately 9:00 p.m. The claimant was driving northbound on 1-79 in the passing lane. Another vehicle was in the slow lane. The evidence adduced at hearing was that this vehicle began to move out of the slow lane towards the claimant. The claimant was forced to the left side of his lane where his vehicle struck a large hole along the shoulder. The claimant’s vehicle sustained a flat tire. The claimant’s repair cost was in the amount of $52.46.
The claimant testified that there were a series of holes in this area and that the hole that his vehicle struck was approximately two feet long and four or five inches wide. The respondent’s position was that it had no prior notice and should not be held liable. It is well-established that the respondent is neither an insurer nor a guarantor of the safety of motorists upon its roads. The general rule that this Court has adopted with regard to defective berms is that when a motorists voluntarily proceeds onto the berm, he takes it as he finds it. However, when a motorist is forced to use the berm in an emergency situation, he is entitled to rely on it and the respondent may beheld liable when the berm is not reasonably maintained. Sweda vs. Dept. of Highways, 13 Ct. Cl. 249 (1980) In the present case, the Court is of the opinion that the respondent had reason to know of the holes on the Interstate which gave rise to this claim. Therefore, in view of the foregoing, the Court hereby makes an award in the amount of $52.46.
Award of $52.46.