PER CURIAM:
Claimant brought this action for damage to her 1994 Pontiac Grand AM GT. The incident occurred on State Route 7 near Blacksville , Monongalia County, when she maneuvered her vehicle to the berm of the road to avoid an oncoming truck. This portion of road is maintained by the respondent in Monongalia County. The Court is ofthe opinion to makean award in this claim for the reasons stated more fully below.
The incident giving rise to this claim occurred on December 4, 2000, at approximately 8:12 a.m. Claimant, Drusilla Lemley, was traveling from her home near Blacksville to her job in Sabraton. It was a cold and clear morning. Ms. Lemley was traveling eastbound on State Route 7. As she was entering the city limits of Blacksville, she rounded a sharp curve and was temporarily blinded by sunlight. At the same moment, an oncoming full-size Ford truck crossed the centerline forcing Ms. Lemley to maneuver her vehicle to the berm of the road to avoid a collision. She expected the berm to provide her room to safely pass when suddenly the passenger side tires dropped off the pavement. The impact caused significant damage to her vehicle including the front bumper, the front passenger side wheel and rim. The vehicle had to be realigned as well. Claimant submitted an estimate for the repairs in the amount of $1,254.09. She did not have insurance to cover any portion of these damages. She also claimed $48.00 for loss of work that day.
Claimant contends that the respondent failed to provide a safe and adequate berm at the location of this incident. Specifically, there was too steep of a drop off between the travel portion of the road and the berm. Claimant contends that this steep drop off presents a hazardous condition and that it was the proximate cause of the damage to her vehicle.
Respondent’s position is that it did not have notice of any hazardous condition regarding the berm at this location and that it has provided an adequate berm to the best of its abilities. Kathy Westbrook, respondent’s Highway Administrator in Monongalia County, supervises the maintenance of State roadways in Monongalia County which includes the portion of State Route 7 where this incident occurred. Mrs. Westbrook testified that State Route 7 is a blacktop, first priority road. It is a divided, two-lane road with white lines on both edges. Each lane is eleven feet in width. Testimony adduced at the hearing established that there were no other known incidents regarding the berm at this location. Mrs. Westbrook stated that there is not much of a berm or shoulder at this location and that what berm there is slopes down into a ditch. The deepest part of this ditch is approximately one foot to a foot and a half from the road. She added that it is difficult for respondent to maintain any type of shoulder or berm at this location.
The law is well settled that the State is neither an insurer nor a guarantor of the safety of persons traveling on its highways. Adkins v. Sims, 46 S.E.2d 811 (W.Va. 1947). However, the State has a duty to exercise reasonable care and diligence in maintaining roads. Riggs v. Div. of Highways, 22 Ct. Cl. 10 (1997). In order to establish negligence on behalf of the respondent, a claimant must prove by a *66 preponderance of the evidence that the respondent had either actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986). The Court has previously held that the berm or shoulder area must be maintained in a reasonably safe condition for use when the occasion requires, and liability may ensue when a motorist is forced to use the berm in an emergency such as avoiding oncoming traffic. Sweda v. Dept. of Highways, 13 Ct. Cl. 249 (1980); Cecil v. Dept. of Highways, 15 Ct. Cl. 73 (1984). Testimony established that the claimant was forced to the berm of the road to avoid an oncoming vehicle. The evidence established that the berm was not adequate and it had a drop off that was too steep. This condition was a hazard to the traveling public. Respondent should have made repairs to the berm area or at least placed a warning sign at this location to give notice to the traveling public. The failure to do so in this claim was the proximate cause of the claimant’s damages.
Accordingly, the Court is of the opinion to and does make an award to the claimant in the amount of $1,254.09.
Award of $1,254.09.