PER CURIAM:
Claimants brought this action for personal injuries and damage to claimant Lee B. Sipple’s vehicle which occurred when claimant Brenda G. Sipple was operating her husband’s vehicle on County Route 8 in Mingo County, and Mrs. Sipple was forced to drive onto the berm of the road to avoid an oncoming coal truck. When she attempted to re-enter the roadway from the berm, she lost control of the vehicle which then crossed both lanes of travel, went over an embankment, and collided with some trees. Respondent was responsible at all times for the maintenance of County Route 8. The Court is of the opinion to make an award in this claim for the reasons set forth below.
The incident giving rise to this claim occurred on March 20,2000, between 10:00 a.m. and 11:00 a.m. Claimant Brenda G. Sipple was driving her husband’s 1988 Mercury Cougar and her husband was with her in the front passenger seat. They were traveling south on County Route 8 on their way to Wal-Mart to do some shopping. The weather was cool and damp. It had rained earlier in the morning but it had stopped by the time the claimants were traveling. The road surface was damp but not saturated. County Route 8 at this location is a narrow, two-lane road with double yellow lines. There are no white lines on the edges of the road. The paved portion of the road is approximately 17 feet wide. From the center line to the edge of the pavement on the lane in which claimants were traveling is approximately eight (8) feet in width. Mrs. Sipple stated that she was traveling at approximately thirty to thirty-five miles per hour through a gentle left curve and she was approaching a more severe left curve, when suddenly she was faced with an oncoming coal truck. The coal truck was across the center line and well into her lane of travel. She had to maneuver the vehicle onto the berm of the road to avoid a head-on collision. Both right side wheels were on the berm. Once the coal truck passed, she slowed the vehicle^ down and attempted to maneuver it back onto the road. However, both claimants testified that the right rear wheel would not pull up onto the pavement and when she attempted to maneuver the vehicle onto the road it suddenly shot left across the road and went over the embankment. The vehicle struck a tree and stopped. It then began smoking. Fortunately, both claimants were able to get out of the vehicle safely. Claimants went to Williamson Memorial Hospital where they were treated and released. Mr. Sipple had a large cut on his forehead which required seven stitches. Mrs. Sipple also suffered significant bruising to her leg and stomach as well as a lacerated lip. Mrs. Sipple has had some back pain as a result of this incident and has been treated by a chiropractor. The 1988 Mercury Cougar which was titled in Mr. Sipple’s name only was totaled as a result of this incident. The claimants submitted into evidence the NADA value of the vehicle which had an average retail value of $2,300.00.
It is the claimants’ contention that the respondent was negligent in its maintenance of the road at the location of this incident and that this negligence created a hazardous condition that was the proximate cause of the claimants’ damages.
It is respondent’s position that it did not have notice of the condition at issue nor did it have an adequate amount of time and resources to make the needed repairs. *118 Respondent also asserts that Mrs. Sipple was negligent in the operation of her vehicle which was the proximate cause of the accident.
Mrs. Sipple testified that the edge of the road was not only jagged but very deep compared to the berm and that when she attempted to maneuver the vehicle back onto the road the back right wheel was off the ground. She stated that she believes that this is what caused the vehicle to shoot across the road and over the embankment. Photographs submitted into evidence by the claimants demonstrate that County Route 8 at this location is narrow. The photographs also indicate that the right edge of the road is in very poor condition. The evidence demonstrates that the pavement is eroded along the right edge of the road where Mrs. Sipple was forced to maneuver her vehicle due to the coal truck.
Mr. Sipple testified that he and Mr. Ernest Lockhart photographed and measured the depth of the edge of the pavement where the vehicle was forced to the berm. The depth between the top portion of the pavement and the berm at this location is approximately twelve inches. Mr. Sipple also testified that he believed the right rear tire was in the air due to the jagged and deep drop off and that once Mrs. Sipple maneuvered the vehicle back onto the pavement the back right tire caught something and caused her to lose control. He also testified that Mrs. Sipple slowed down adequately, but she was not close to being completely stopped when she attempted to maneuver the vehicle back onto the highway.
Earnest R. Lockhart, testified that he arrived at the scene of this incident shortly after it had occurred. He lives in the vicinity of the incident and is familiar with County Route 8. He stated that he personally spoke to someone with the respondent regarding the condition of County Route 8 prior to the incident at issue. He testified that he spoke to Norman D. Stepp who was employed by the respondent on numerous occasions regarding the condition of County Route 8 in general. He stated that they spoke about the poor condition of County Route 8 and the problems that the coal trucks were causing. However, the conversations were regarding a large section of County Route 8, not just the location of this incident.
Norman D. Stepp, a crew leader for the maintenance division for the respondent at the Gilbert substation in Mingo County, testified that he had received complaints from numerous individuals regarding the portion of County route 8 where this incident occurred. He stated that the road has been damaged, especially the shoulders, by the large volume of heavy coal trucks that use it. According to Mr. Stepp, the road was built in approximately 1930 and it was not designed for heavy coal trucks. He explained that coal trucks have been using the road heavily for approximately six years. He testified that the coal trucks are doing significant damage especially on the shoulders of the road where they “rut” the shoulders out and cause large drop-offs between the pavement and the berm. Mr. Stepp also testified that respondent is responsible for maintaining the berm of the highways including those on County Route 8. He added that the berm of a highway is to be used by the public. In his opinion, the berm provides a safety net in the event that a driver has to use it in an emergency and to avoid oncoming traffic.
Cecil W. Collins, a Maintenance Supervisor-Transportation Worker II for the respondent in Mingo County, testified that the coal trucks have made County Route 8 a dangerous road at times. He stated that there are many locations along County Route 8 that vehicles are forced to yield to the coal trucks and use the berm in order to avoid a collision. He also stated that County Route 8 is a small secondary road that was designed for regular vehicular traffic and that it is adequate for that purpose, but it is too narrow in places to accommodate coal trucks. According to Mr. Collins, what *119 has in essence happened is that the burden of avoiding coal truck collisions on County Route 8 has shifted to the individual driver for whom the road was intended. Mr. Collins testified that the road is not adequate to handle coal truck traffic as well as regular vehicles and he agrees with the claimants that the road can use some improvements. However, he testified that given the confínes of maintaining the primary routes including U.S. Route 52, as well as other roads in the area, with a limited number of crew, he believes that the respondent has done an adequate job in maintaining County Route 8. Mr. Collins admitted that the depth of the berm away from the road surface at the location of this incident is a safety factor. According to Mr. Collins, this berm is not in the condition that it should be. However, Mr. Collins pointed out in his testimony that there are many competing interests at a given time for the respondent to contend with especially during the winter months when the crews are under snow removal and ice control. These competing interests based on the time of year as well as weather factors must be taken into consideration by the respondent. Therefore, according to Mr. Collins the respondent did the best job it could under these circumstances.
Earl D. Bevins, the Assistant District Engineer in District Two located in Huntington which includes Mingo County, testified that he believes that the respondent is doing a credible job given the circumstances which it confronts in Mingo County. There are numerous factors that have to be taken into consideration in determining what maintenance work must or can be done. These factors include the road priority, the weather, available personnel and financial issues. Given these considerations, Mr. Bevins testified that the respondent did the best it could under these circumstances.
It is a well established principle of law that the State is neither an insurer nor a guarantor of the safety of motorists on its roads and highways. Adkins v. Sims, 46 S.E.2d 811 (W.Va.1947). To hold the respondent liable, the claimant must establish by a preponderance of the evidence that the respondent had actual or constructive notice of the defect in question and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985). The State owes a duty of reasonable care and diligence in the maintenance of a highway. Parsons v. State Road Comm’n., 8 Ct. Cl. 35 (1969). The respondent also has a duty to maintain the berm of a highway in a reasonably safe condition for use when the occasion requires. Compton v. Div. of Highways 21 Ct. Cl. 18 (1995). Liability may ensue when a motorist is forced onto the berm in an emergency or otherwise necessarily uses the berm of the highway and it fails. Sweda v. Dept. of Highways, 13 Ct. Cl. 249 (1980).
In this claim, the evidence established that County Route 8 at the location of this incident presented a hazardous condition to the traveling public. The evidence also established that the respondent had actual notice of this condition and a reasonable amount of time to take corrective action. Testimony also established that the berm at the location of this incident has to be used often by the traveling public to avoid colliding with oncoming coal trucks and that this berm is in a very poor condition. The Court is aware of the fact that the respondent is faced with competing interests, especially during the winter months to maintain the State’s roads and highways and that County Route 8 was not built for heavy coal trucks. However, the Court is of the opinion that the respondent failed adequately to maintain the road and the berm at this location and that this failure was the proximate cause the accident herein. However, the Court is also of the opinion that Mrs. Sipple failed to maintain control of the vehicle and that her negligence is equal to or greater than the *120 respondent's. Therefore, based upon the rule of comparative negligence no award is granted to Mrs. Sipple in this claim. However, the Court is of the opinion that claimant Lee B. Sipple may recover for the loss of his vehicle in the amount of $2,300.00, the injuries to his head, and for his pain and suffering in the amount of $700.00 for a total award of $3,000.00.
In accordance with the finding of facts and conclusions of law as stated herein above, the Court is the opinion to and does make an award to claimant Lee B. Sipple of $3,000.00.
Award of $3,000.00 to Lee B. Sipple.