PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2001 Subaru Legacy struck a hole on the berm while claimant, Dawn E. Warfield, was driving on the eastbound entrance ramp to 1-64 in Charleston, Kanawha County. The I-64 entrance ramp is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 8:00 p.m. on September 16, 2007. The entrance ramp to 1-64 is a one-lane paved road with two different lanes of traffic that
merge onto the ramp. Ms. Warfield testified that she drove onto the 1-64 entrance ramp from Greenbrier Street. As she was entering the ramp, the vehicle traveling behind her passed her vehicleon the left. Since the road had narrowed from two lanes into one-lane, the claimant was forced onto the berm. Claimant stated that she moved onto the berm to avoid a collision with the passing vehicle. As she proceeded on the berm at approximately forty-five miles per hour, her vehicle struck what appeared to be drainage holes. The holes were located at regular intervals along the side of the ramp. Ms. *123 Warfield stated that she did not see the hole before her vehicle struck it. As a result, claimants’ vehicle sustained damage to its right, front wheel; hubcap cover; and alignment in the amount of $305.04. Since claimants’ insurance deductible is $250.00, her recovery is limited to that amount.
The position of respondent is that it did not have actual or constructive notice of the condition on the 1-64 entrance ramp. Stephen Wayne Knight, Transportation Crew Supervisor II for respondent in Kanawha County, testified that the entrance ramp to 1-64 is a high-priority road. He did not receive any complaints regarding holes on the berm prior to the incident in question. Mr. Knight stated that he has crews that will monitor the berm of the interstate approximately three times a day. In May of 2008, Mr. Knight inspected the shoulder in this particular area. Although he did not see any holes, he noticed twelve-inch by twelve-inch openings in the blacktop that were approximately two inches deep. Mr. Knight testified that these openings, located underneath every light pole, are electrical junction boxes for the street lights. Mr. Knight explained that during September, respondent had sweepers clean the roads before winter, and one of the sweepers could have deepened the openings in this location. If repairs were to be made, Mr. Knight stated that the lighting and signal crew would be responsible.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t. of Highways, 16 Ct. Cl. 103 (1986). The berm or shoulder of a highway may be maintained in a reasonably safe condition for use when the occasion requires, and liability may ensue when a motorist is forced onto the berm in an emergency or otherwise necessarily uses the berm of the highway. Sweda v. Dep’t of Highways, 13 Ct. Cl. 249 (1980).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole which claimants’ vehicle struck and that the hole presented a hazard to the traveling public. The Court finds that the claimant was forced to use the berm in an emergency situation, and the berm was in an unsafe condition. Thus, the Court finds respondent negligent and claimants may make a recovery for the damage to their vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimants in the amount of $250.00.
Award of $250.00.