PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 1991 Dodge Grand Caravan struck a hole on the berm of State Route 601 in Kanawha County. State Route 601, known as Jefferson Road, is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 12:15 a.m. on January 3, 2008. Route 601 is a paved, two-lane road with a center line and edge lines. The posted speed limit is forty-five miles per hour. While claimant was driving on Route 601 at approximately forty miles per hour, he came to a curve in the road and noticed a vehicle traveling from the opposite direction in his lane of traffic. As claimant drove on the berm to avoid the oncoming vehicle, his vehicle struck a hole that was approximately six to nine inches deep. Claimant testified that he drove on this road frequently. As a result of this incident, claimant’s insurance company, AIG, declared that claimant’s vehicle was totaled. The claimant purchased the vehicle for $200.00 or $300.00, but AIG determined that the Blue Book value for the vehicle was $2,828.00. AIG paid claimant $1,700.00 to replace the vehicle after taking into consideration his $500.00 deductible.
The position of respondent is that it did not have actual or constructive notice of the condition on State Route 601. Christopher Shaffer was the acting supervisor at St. Albans at the time of this incident. Mr. Shaffer testified that State Route 601 is a first priority road in terms of maintenance. Prior to this incident, respondent did not receive any complaints regarding the condition of the berm on State Route 601. Mr. Shaffer explained that the edge of the road is situated approximately ten to fifteen feet from the guardrail. He stated that if a vehicle were forced onto the berm, it would have to use the gravel portion of the berm because the paved portion was approximately two-feet long.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 *150 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t. of Highways, 16 Ct. Cl. 103 (1986). The berm or shoulder of a highway may be maintained in a reasonably safe condition for use when the occasion requires, and liability may ensue when a motorist is forced onto the berm in an emergency or otherwise necessarily uses the berm of the highway. Sweda v. Dep’t of Highways, 13 Ct. Cl. 249 (1980).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public. State Route 601 is a first priority road in terms of maintenance and the berm in this particular location was in an unsafe condition. Since claimant was forced to use the berm in an emergency situation and it was not properly maintained, the Court finds respondent negligent. Thus, claimant may make a recovery for the damage to his vehicle. The Court finds that $300.00 is a fair and reasonable amount to compensate the claimant for his out-of-pocket expenses.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $300.00.
Award of $300.00.