PER CURIAM:
Claimant brought this action for damage to her 2004 Pontiac Grand Prix. Two incidents occurred on different dates and at different locations on McCorkle Road, near Sod, Lincoln County. This road is maintained by the Respondent in Lincoln County. The Court is of the opinion to malee an award in this claim for the reasons stated more fully below.
The first incident giving rise to this claim occurred on November 28,2006, at approximately 11:30 a.m. Claimant, Judith Allen, testified that she was traveling south on McCorkle Road from her home in Sod, WV, when a black Chevrolet pickup *173 truck came around a curve on her side of the road. Ms. Allen stated that the portion of the road in question was narrow, and that she had to swerve off the road and into a drainage ditch to avoid colliding with the truck. As a result of the incident, Claimant’s front passenger wheel was damaged in the amount of $652.91. Since Claimant’s insurance declaration sheet indicates that her deductible is $500.00, Claimant’s recovery is limited to that amount for this incident.
The second incident giving rise to this claim occurred on August 11, 2007, at approximately 2:00 p.m. Claimant testified that she was driving towards Alum Creek up an incline and around a steep curve on McCorkle Road when a dark pickup truck came around the curve at a high rate of speed across the double yellow line. According the Ms. Allen, she maneuvered her car off the berm to avoid the oncoming traffic. The berm at the area in question is j agged concrete and drops off steeply. The impact caused damage to the front passenger tire and rim. Claimant submitted an estimate for the repairs to the wheel in the amount of $1,657.84, along with receipts for $22.79 and $38.16 for work already done. Again, since Claimant’s insurance deductible is $500.00, her recovery is limited to that amount for this incident.
Claimant contends that the Respondent failed to provide a safe and adequate berm at the location of both incidents on McCorkle Road. Claimant contends that the drainage ditch and steep drop off presented hazardous conditions and that they were the proximate cause of the damage to her vehicle.
Respondent’s position is that it did not have notice of any hazardous condition regarding the berm at either location. Respondent did not provide any witnesses.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, Claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986). The Court has previously held that the berm or shoulder area must be maintained in a reasonably safe condition for use when the occasion requires, and liability may ensue when a motorist is forced to use the berm in an emergency such as avoiding oncoming traffic. Sweda v. Dep’t of Highways, 13 Ct. Cl. 249 (1980).
In the instant case, the Court is of the opinion that Respondent had, at the least, constructive notice of the steep berms that damaged Claimant’s vehicle when she was forced off the road to avoid oncoming vehicles in both incidence, and that these conditions produced hazards to the traveling public.
Accordingly, the Court is of the opinion to and does make an award to the Claimant for each incident for a total award of $1,000.00.
Award of $1,000.00.