PER CURIAM:
The claimant, Ginger B. Compton, seeks an award of 4746.61 from the respondent, Division of Highways, for damage to her 1994 Chevrolet Cavalier. On May 25, 1994, at approximately 8:00 a.m., Ms. Compton was driving between 45 to 50 miles per hour in the northbound lane of Route 54 in Wyoming County. The weather was clear and sunny, and the road was dry. According to her testimony, Ms. Compton observed a large truck approaching in the oncoming lane. In order to avoid a collision with the truck, she drove her vehicle along the white line marker on the right side of her lane. At this time, Ms. Compton's vehicle struck a broken section of pavement which resulted in damage to her vehicle. Receipts totaling 4746.61 were entered into evidence to support Ms. Compton's claim. Ms. Compton has full coverage insurance on the vehicle with a deductible of $500.00. Although Ms. Compton travels Route 54 five to six days per week, she was unaware of this road defect.
The Wyoming County maintenance supervisor for the respondent, Oliver Stewart, described Route 54 as a priority one road which has gravel shoulders. Although Mr. Steward is responsible for scheduling maintenance work along Route 54, he was unaware of a problem at the scene of the accident prior to May 25, 1994. Mr. Stewart testified that shoulder work was performed along Route 54 during February and March of 1994.
As a general rule, the respondent has a duty to maintain the berm of shoulder of a highway in a reasonably safe condition for use when the occasion requires. Liability may ensue when a motorist is forced into the berm in an emergency or otherwise necessarily uses the berm of the highway and it fails. Sweda v. Dept. of Highways, 13 Ct. Cl. 249 (1980). See also Hinkle v. Division of Highways, unpublished opinion issued December 10, 1990, CC-89-97.
In the instant claim, Route 54 is a high priority road in Wyoming County. The photographs of the scene of the accident indicate there is a substantial amount of space along Route 54 where respondent can create and maintain a berm with relatively little effort. Moreover, from Ms. *19 Compton's testimony her use of the berm appears to have been reasonable and necessary in light of the circumstances. Therefore, the Court finds that respondent was negligent in its maintenance of the berm of Route 54 on the date of claimant's accident, and, further, that this negligence resulted in damage to Ms. Compton's vehicle. Accordingly, the Court makes an award to the claimant in the amount of the insurance deductible which is $500.00.
Award of $500.00.