PER CURIAM:
Claimant seeks an award of $225.00 for damage to his vehicle which occurred the afternoon of April 19, 2000, when he was traveling on Alternate Route 10 near the junction of Route 60 at “Holly Court” near Barboursville, Cabell County. The Court is of the opinion to make an award in this claim for the reasons stated more fully below.
Claimant, while traveling on Alternate Route 10 decided to stop his vehicle so he could speak to Paul Thompson, a friend of his, at the junction of Alternate Route 10 and Route 60. As claimant drove his dual-tire truck completely off the road and onto the berm of Alternate Route 10 to speak to Mr. Thompson, he began to back his truck up when a piece of an iron sign post approximately six to eighteen inches above the ground punctured his vehicle’s inner left side dual tire and tore off the mud flap.
Claimant testified that the sign post was located approximately two feet from the edge of the roadway on the berm of Alternate Route 10. The sign post was hidden by high grass and he described the sign post as an “angle iron of some type”, and that it had holes from the bottom to the top of the post. Paul Thompson also testified that *39 he saw the sign post both after this incident and prior to it. He described the sign post as being covered up by grass. He testified that he had seen the sign post prior to this occasion when an adjacent property owner was cutting the grass in the area and the sign post was clearly exposed. Claimant asserts that respondent knew or should have known that this hazard existed and that it failed to take proper remedial action.
Respondent contends that it did not have notice of any sign post at this location and it did not believe that this post was one of its sign posts. Charles King a maintenance crew supervisor for respondent works in this area. One of his responsibilities is to assign crews to tasks, and to follow up on complaints regarding the highways. He testified that he did not recall any signage that had ever been in the area where claimant’s vehicle was damaged and he did not have any personal knowledge of this particular post. Mr. King did testily that this sign post w'hich claimant’s vehicle struck was probably within the respondent’s right of way and that this particular sign post was consistent with the breakaway sign post that the respondent normally uses. However, he did not believe that such a sign would be as close to the road as this particular sign was located.
The State is neither an insurer nor a guarantor of the safety of persons traveling on its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). However, respondent has a duty to maintain the berm of a highway in a reasonably safe condition for use when the occasion requires. Ginger B. Compton v. Division of Highways, 21 Ct. Cl. 18 (1995). Liability may ensue when a motorist is forced onto the berm in an emergency or otherwise necessarily uses the berm of the highway and it fails. Sweda v. Dept. of Highways, 13 Ct. Cl. 249 (1980).
In the present claim, Alternate Route 10 is a first priority road in Cabell County. The evidence establishes that there is adequate space along the edge of Alternate Route 10 foraberm. Furthermore, the sign post claimant’s vehicle struck was on respondent’s right of way. Claimant’s use of the berm appears to have been reasonable. Therefore, the issue is whether or not the respondent knew or should have known of this piece of sign post. This piece of sign post was similar to the type of sign that respondent uses. Given this evidence as well as the fact that this is a first priority road, respondent should have been aware that this broken sign post was present and presented a hazard to the traveling public. The Court has determined that respondent was negligent in its maintenance of the berm of Alternate Route 10 on the date of claimant’s incident and that this negligence was the proximate cause of claimant’s damages.
Accordingly, the Court is of the opinion to and does make an award to the claimant in the amount of $225.00.
Award of $225.00.