PER CURIAM:
Claimant brought this action for damage to his 1988 Lincoln Town Car which occurred when his vehicle struck a portion of broken blacktop on the edge of the road and berm while he was traveling northbound on Route 10 near Pineville, Wyoming County. This portion of Route 10 is maintained by the respondent in Wyoming County. The Court is of the opinion to make an award in this claim for the reasons stated more fiilly below.
The incident giving rise to this claim occurred on September 23, 2000 at 11:00 p.m. It was a clear evening and the road was dry. There was very little traffic. Claimant was driving his 1988 Lincoln Town Car northbound on Route 10 in an area *79 referred to as Jesse Mountain. He had two other family members in the vehicle at the time of this incident. They were traveling from Pineville to their home in Oceana. Claimant was driving at approximately forty to forty-five miles per hour in a fifty-five mile per hour zone. He had just driven around a curve and he was approaching a straight stretch of highway approximately fifty to sixty yards long when his vehicle drifted slightly to the edge of die road near or onto the white line. His vehicle struck a large hole on the edge of the road. He lost control of the vehicle for a brief moment and it went off the road. He testified that he attempted to maneuver his vehicle back onto the road, but due to the depth of the drop-off between the road and the berm he was unable to do so. The jagged concrete cut and burst both passenger side tires and the exhaust system was knocked off the vehicle when the bottom of the vehicle struck the edge of the road. The vehicle was lodged between the berm and the edge of the road and had to be removed by a wrecker. Claimant testified that he travels this portion of highway almost daily and he was aware of the condition of the road. He testified that he had called the respondent approximately three or four months prior to this incident regarding the condition of the road. He stated that he spoke to personnel in the Princeton office and the Charleston office as well. Claimant’s vehicle suffered damage to the two passenger side tires as well as to the exhaust system and the tail pipe for which he submitted repair bills in the amount of $285.11.
Claimant contends that respondent knew or should have known of the damaged berm on Route 10 and that it should have taken adequate measures to repair it in a more timely fashion. Claimant introduced photographs depicting the deteriorated edge of the road where this incident occurred. The photographs depict a large section of the edge of the road missing, which has created a significant variation between the height of the road surface and the side of the road. The photographs also depict that the deterioration from the berm has progressed into the white line on the edge of the road causing the road surface to be jagged. Claimant contends that the length and depth of the damaged berm is indicative of the fact that it has been present for a significant period of time; therefore, respondent should have made adequate repairs.
Respondent’s position is that it was not aware of the poor condition of the berm at the location of this incident. Respondent also asserts that the claimant was not operating his vehicle with proper care when he drove it onto the berm of the road. James David Cox testified that he is currently the Assistant Crew Supervisor II for Wyoming County. He is responsible for the maintenance of Route 10 in Wyoming County and he is familiar with the location where this incident occurred. He stated that Route 10 is a two-lane, blacktopped, high priority road. It is divided by a double yellow line and has white lines on the edges. Each lane is twelve feet wide and the total width of the road is twenty-four feet. Mr. Cox admitted that there probably is a berm drop off problem in some areas, but he was not personally aware of the particular berm problem where this incident occurred. He testified that Route 10 is heavily traveled; that a lot of traffic uses the berm at the location of this incident; that there are a lot of heavy trucks that pull off the road at this location; and that this includes the respondent’s gravel trucks which dump gravel off to the side of the road and then pull back out onto the highway. In his opinion, this vehicular activity could have caused the deterioration to the berm and the edge of Route 10.
The law is well established that the State is neither an insurer nor a guarantor of the safety of motorists on its roads and highways. Adkins v. Sims, 46 S.E.2d 811 (W.Va. 1947). To hold respondent liable, the claimant must establish by a preponderance of the evidence that the respondent had actual or constructive notice *80 of the road defect at issue and a reasonable amount of time to make adequate repairs. Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985). This Court has held that the respondent has a duty to maintain the berm of a highway in a reasonably safe condition for use when the occasion requires. Compton v. Division of Highways, 21 Ct. Cl. 18 (1995). Liability may ensue when a motorist is forced onto the berm in an emergency or otherwise necessarily uses the berm of the highway and it fails. Sweda v. Dept. of Highways, 13 Ct. Cl. 249 (1980). The berm plays an integral part of any highway. It allows a driver to drive a vehicle off the road when he or she needs to do so. The berm can also be of assistance to a driver who accidentally drifts to the edge of the road. The berm provides protection for the driver to keep the vehicle from going completely off the road and it also gives a driver more time to regain control of a vehicle in the event that an emergency arises.
In the present claim, the claimant established by a preponderance of the evidence that respondent had notice of the deteriorated berm and a reasonable amount of time to make adequate repairs. The size of the hole and the large amount of pavement that had deteriorated leads the Court to conclude that the berm had been in poor condition for a significant period of time. This berm presented a hazard to the traveling public and was the proximate cause of the damages to claimant’s vehicle. The Court is of the opinion that the berm on a highway is for safety purposes and that the berm must be maintained in reasonably good condition for the travelers of its highways. To not hold the respondent liable for damages in claims such as the present, shifts the burden for inadequate maintenance of the State’s highways to the taxpayers of West Virginia that have already paid for the cost of road maintenance by paying their taxes and road user fees levied by the State of West Virginia. It is bad public policy to shift the cost of repairing vehicles damaged by the poor maintenance of the State’s highways to the very people whose vehicles are damaged due to a poorly maintained highway.
Accordingly, the Court makes an award to the claimant for the damages to his vehicle in the amount of$285.11.
Award of $285.11.