PER CURIAM:
Claimant brought this action for damage to his 1981 Cadillac which occurred when he was traveling on County Route 86/7 in Marshall County and his vehicle struck a large broken sign post. Respondent was responsible at all times herein for the maintenance of County Route 86/7 in Marshall County. The Court is of the opinion to make an award in this claim for the reasons set forth herein below.
The incident giving rise to this claim occurred on June 10, 2001, between 4:00 p.m. and 5:00 p.m. Claimant and his girlfriend were traveling to a friend’s graduation party. It was a clear, warm, sunny day. The road surface was dry and in good shape. Claimant was driving on County Route 86 at approximately fifty to fifty-five miles per hour. He slowed the vehicle to approximately fifteen to twenty miles per hour as he made a right turn onto County Route 86/7 also referred to as Marshall Drive. Once he made the turn onto County Route 86/7, he was forced to maneuver his vehicle onto the berm of the road in order to allow an oncoming vehicle to safely pass. As he maneuvered his vehicle to the right, he heard a loud explosion type noise and a metallic object dragging underneath his car. This was followed by a second similar explosion type noise. He got out of his vehicle to find that it was impaled on a broken sign post sticking up from the ground on the berm of the road. Both passenger side tires had burst and it took two tow trucks to maneuver the vehicle off of the signpost. The impact destroyed two tires, damaged the muffler, exhaust pipe, carburetor and the fuel tank. Claimant testified that he did not see the sign post before striking it with his vehicle because he was watching for traffic as he made the right turn. He was also watching for the oncoming vehicle which he let pass, and his view of the sign post was obscured by the lay of the land at this location. County Route 86/7 is designated as a two-lane road. However, according to the claimant it is narrow and difficult for two vehicles to pass without one driver having to maneuver onto the berm, especially in this incident involving two large vehicles. Claimant submitted repair bills in the amount of $819.39 for the damage to his vehicle.
Claimant asserts that respondent knew or should have known of the broken sign post and failed to remove it in a timely fashion. Its failure to do so created a hazardous condition to the traveling public.
Respondent contends that it did not have notice of the broken sign post prior to this incident.
James R. Wurtzbacher, the Traffic Services Supervisor for respondent in District Six which includes the area at issue in Marshall County, is responsible for supervising the maintenance of signs in Marshall County. According to Mr. Wurtzbacher, County Route 86/7 is seventeen feet wide and that the location where this incident occurred was on the respondent’s right-of-way. He testified that he did not have any prior notice that there was a broken sign post at the location at issue. He did not become aware of this broken sign post until after this incident. Mr. Wurtzbacher testified that on June 13, 2001, a new speed limit sign was put in place at or near the location of this incident. He also testified that this sign was put up by respondent because the previous sign was missing. However, he could not state why it was missing or when it disappeared.
The State is neither an insurer nor a guarantor of the safety of persons traveling on its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). To *212 hold respondent liable, the claimant must establish by a preponderance of the evidence that the respondent had actual or constructive notice of the road defect in question and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985). Respondent has a duty to maintain the berm of a highway in a reasonably safe condition for use when the occasion requires. Compton v. Division of Highways, 21 Ct. Cl. 18 (1995).
In the present claim, the Court is of the opinion that the respondent had constructive, if not actual, notice of the broken sign post. The evidence establishes that the broken sign post was on respondent’s right of way. Given the damage caused to claimant’s vehicle, it is obvious that the sign post was high enough and that it should have been noticed by the respondent’s employees during routine maintenance. Further, the fact that this is a narrow road, it is foreseeable that a driver would need to use the berm at this location to allow oncoming traffic to pass safely. The evidence also establishes that the claimant was allowing another vehicle to pass and he acted reasonably in using this berm. Therefore, the Court is of the opinion that the respondent failed to adequately maintain the berm at this location and that this failure was the proximate cause of the damages to claimant’s vehicle.
Accordingly, the Court is of the opinion to and does make an award to the claimant in the amount of $819.39.
Award of $819.39.