PER CURIAM:
Claimant brought this action for damage to his horse trailer which occurred when he was pulling it with his 1995 Ford F-250 truck on County Route 38 in *219 Marshall County, and the horse trailer struck a large tree stump at the edge of the road. Respondent was responsible at all times herein for the maintenance of County Route 38. The Court is of the opinion to make an award in this claim for the reasons set forth below.
The incident giving rise to this claim occurred on August 18,2001, between 10:30 a.m. and 11:00 a.m. Robert Gallentine was driving his 1995 Ford F-250 truck on County Route 3 8 also known as W ayman’s Ridge Road and his truck was pulling his two-horse “goose neck” trailer. He did not have horses in it at that time since he was on his way to pick a pony up for his grandson. Mr. Gallentine had purchased this trailer new approximately one year prior to this incident. The weather was clear and the road surface was dry. As the claimant was approaching a left curve, he slowed the vehicle to approximately ten or fifteen miles per hour and maneuvered it to the edge of the road, so as to avoid colliding with any oncoming vehicles. When he did so, the right side of the trailer hit a large tree stump concealed in the weeds on the berm of the road. The impact destroyed one right side tire and wheel. It also seriously damaged the running board, trim, axle, and fender of the trailer. Claimant had comprehensive insurance coverage that covered these damages with a deductible of $500.00. He submitted a repair bill in the amount of $1,926.59 for the damages sustained. However, claimant is limited to a recovery of the amount of his insurance deductible.
It is claimant’s contention that respondent knew or should have known of this tree stump and negligently failed to remove it in a timely fashion and this negligence created a hazardous condition that was the proximate cause of the claimant’s damages.
It is respondent’s position that it did not have notice of the condition at issue nor a reasonable amount of time to take corrective action.
Mr. Gallentine testified that he has traveled this road at least fifteen times prior to this incident but has never done so with a horse trailer. Claimant also testified that he did not see the stump on any prior occasions. He stated that he did not see the stump until after the trailer hit it, because it was concealed by high weeds. He also stated that County Route 38 is fairly narrow which he corroborated with photographs that depict County Route 38 at this location. Additional photographs depict the tree stump at issue which was not visible to traffic traveling in the same direction as the claimant due to the growth of weeds. These same photographs demonstrate that the tree stump at issue was large and was located only inches from the blacktop portion of the road.
Michael T. Davis testified on the claimant’s behalf. Mr. Davis has lived on the property adjoining County Route 38 at the location of this incident since 1987. He testified that the tree stump at issue has been present for many years. He stated that it was a locust tree that a prior property owner cut down. Mr. Davis stated that he believed the road to be approximately sixteen to eighteen feet wide at this location. He also testified that the stump was on respondent’s right-of-way. Mr. Davis also testified that he reported the tree stump to respondent “a few years ago” because he felt that it could cause a serious accident. However, he had not reported it again until after the incident at issue.
Christopher Minor, the assistant county supervisor for respondent in Marshall County, testified that he is responsible for overseeing the maintenance of County Route 38 at this location. He is familiar with the location at issue and *220 described County Route 38 as a state and local service route. He described it as a blacktopped, two-lane road that varies in width from eighteen to twenty feet wide. However, he stated that at the location of this incident the road is only sixteen to eighteen feet wide. Mr. Minor testified that neither he nor his office had any record or notice about the stump at issue. He did not learn about the stump until after the incident. Mr. Minor testified that this stump was on respondent’s right-of-way. He stated that the stump was located on the “sodded shoulder” that respondent maintains. This maintenance includes mowing the berm or shoulder areas in the spring and summer and snow removal during the winter. Mr. Minor testified that his crew tries to mow the berms of this type of road at least twice a year, but is not always able to do so. He also stated that it was a possibility that his crew could have mowed around the stump and not seen it.
It is a well established principle of law that the State is neither an insurer nor a guarantor of the safety of motorists on its roads and highways. Adkins v. Sims, 46 S.E.2d 811 (W.Va.1947). To hold respondent liable, claimant must establish by a preponderance of the evidence thatrespondenthad actual or constructive notice of the defect in question and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985). However, the State owes a duty of reasonable care and diligence in the maintenance of a highway. Parsons v. State Road Comm 8 Ct.. Cl. 35 (1969). Respondent also has a duty to maintain the berm of a highway in a reasonably safe condition for use when the occasion requires. Compton v. Div. of Highways 21 Ct. Cl. 18 (1995).
In the present claim, the evidence establishes that County Route 38 at the location of this incident presented a hazardous condition to the traveling public. Respondent had at least constructive notice, if not actual notice, of the tree stump at issue and a reasonable amount of time to take corrective action. The tree stump struck by claimant’s horse trailer was on respondent’s right of way and only inches from the road. It was also concealed by weeds preventing drivers from seeing it which created a trap for the traveling public. The evidence also established that claimant needed to use the portion of the berm at issue due to the approaching curve and that his use of the berm was reasonable. The Court is of the opinion that respondent should have removed the tree stump or at least placed a hazard paddle at this location prior to this incident; that respondent was negligent in its maintenance of the berm on County Route 38; and further, that this negligence was the proximate cause of the damages to claimant’s trailer.
Accordingly, the Court is of the opinion to and does make an award to the claimant in the amount of $500.00.
Award of $500.00.