PER CURIAM:
Claimant brought this action for damage to his 2001 Ford F250 pickup truck which occurred when his vehicle struck a broken sign post while he was traveling on Route 250/219 in Elkins, Randolph County. This portion of Route 250/219 is *227 maintained by respondent in Randolph County at all times herein. The Court is of the opinion to make an award in this claim for the reasons stated more fully below.
The incident giving rise to this claim occurred on February 13, 2002, at approximately 7:30 a.m. It was just turning daylight and there was a little fog outside which reduced visibility. Claimant was traveling southbound on Route 250/219 near the Corridor H Exit in Elkins when he decided to drive his vehicle to the right side of the road and onto the berm so that he could read his map. When claimant drove his truck onto the gravel portion of the berm, both passenger side tires struck a broken metal sign post and were destroyed. Claimant testified that he drove his truck approximately five feet off of the road for safety purposes. However, he stated that he did not see the broken sign post until after the incident due to the poor visibility. According to claimant, the post had been cut off and was protruding approximately six inches from the ground. Claimant submitted a repair bill in the amount of $316.52 which was the cost of replacing the tires. He testified that he did have comprehensive insurance coverage to cover these losses, but the deductible was $500.00.
Claimant asserts that respondent knew or should have known that this hazard existed and that it failed to take proper and timely remedial action. ■
Respondent contends that it did not have notice of the broken post prior to this incident. Lewis B. Gardner, the Assistant Supervisor for respondent in Randolph County, testified that he is responsible for maintaining the portion of Route 250/219 at issue and he is familiar with the location where this incident occurred. He stated that at this location Route 250/219 is a two lane blacktop road with a double yellow line and white lines on the edges. The driving portion of Route 250/219 at this location is twenty six feet wide. The paved portion of the berm of the road extends eight feet from the white edge line over to the gravel portion of the berm. Mr. Gardner testified that the distance from the edge of the paved portion of the berm to the location of the broken sign post in the gravel was two feet. Therefore, it was a total distance of ten feet from the white edge line to where the claimant’s vehicle struck the post. Mr. Garner testified that he had not received prior notice that there was a broken sign post at this location.
It is a well established principle that the State is neither an insurer nor a guarantor of the safety of motorists on its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (W.Va.1947). To hold respondent liable, the claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to make adequate repairs. Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985). Respondent has a duty to maintain the berm of a highway in a reasonably safe condition for use when the occasion requires. Compton v. Division of Highways, 21 Ct. Cl. 18 (1995). Liability may ensue when a motorist is forced into the berm in an emergency or otherwise necessarily uses the berm of the highway and the berm fails. Sweda v. Dept. of Highways, 13 Ct. Cl. 249 (1980).
In the present claim, the evidence established that there is more than adequate space along the berm of Route 250/219 for a driver to maneuver his or her vehicle. Based upon the testimony and the photographs introduced in this claim it is apparent that this was respondent’s post. Claimant’s use of the berm was reasonable under the circumstances. He was attempting to drive to a safe position off the road while looking at a map in an area with which he was not familiar during a period of reduced visibility. Respondent should have been aware of such a large broken sign *228 post and taken timely remedial action. Thus, the Court concludes that respondent was negligent in its maintenance of the berm of Route 250/219 on the date of this incident ■and that this negligence was the proximate cause of claimant’s damages.
Accordingly, the Court is of the opinion to and does make an award to the claimant in the amount of $316.52.
Award of $316.52.