PER CURIAM:
Claimant Goldie Goodrich brought this action for damage to her 1996 Mitsubishi Eclipse which occurred when her son Verner Goodrich was traveling off of the 1-79 southbound exit ramp at Frametown in Braxton County and the vehicle struck a broken sign post on the berm ofthe road. Respondent was responsible at all times herein for the maintenance of this 1-79 exit ramp. The Court is of the opinion to make an award in this claim for the reasons set forth below.
The incident giving rise to this claim occurred on March 28, 2002, between 10:00 a.m. and 10:45 a.m. Claimant’s son Verner Goodrich was driving her vehicle with his friend Justin Carter in the front passenger seat. They were returning from college classes in Summersville. It was a hazy day with no precipitation, but the roads and ground were still damp. Mr. Goodrich exited the 1-79 southbound exit ramp at Frametown and proceeded to travel down the exit ramp where he planned to turn left onto Route 4 to drive home. However, when he reached the bottom of the exit ramp he heard a strange noise underneath his vehicle and also felt a strange sensation coming from his tires. He thought that he may have had a flat tire so he maneuvered the vehicle to the right side of the white line and onto the gravel berm to check the tires. He testified that he was traveling less than five miles per hour as he maneuvered his vehicle onto the wide gravel area. As he did so, he felt a strong scrape-like sensation underneath the vehicle. He brought the vehicle to a complete stop but was afraid that there may have been something dragging underneath. He put the vehicle into reverse and backed it up approximately eight inches in an attempt to get whatever was dragging underneath the vehicle loose. Then, he and Mr. Carter got out of the vehicle to see what was wrong. At this point, they both observed a broken sign post protruding up from the ground. Mr. Goodrich and Mr. Carter both testified that it was approximately six to eight inches high. It was a grayish-type color with holes in it. According to Mr. Goodrich, the driver’s side portion ofthe front bumper absorbed the most serious impact. In addition, the sign post pierced a hole through the front bumper and caused significant damage as it was dragging underneath the car. Mr. Goodrich testified that the entire front bumper was ripped off of the vehicle. The driver’s side headlight was destroyed as well as the oil cooler. Mr. Carter also testified that when he got out of the vehicle he also observed the bumper detached from the vehicle. Both Mr. Goodrich and Mr. Carter testified that they did not observe the sign post prior to the vehicle striking it. Further, they both stated that the sign post was gray and blended in with the gravel making it difficult to see. The claimant submitted a repair estimate into evidence in the amount of $1,715.08.
Claimant contends that respondent knew or should have known that the broken sign post presented a hazard to the traveling public and yet failed to remedy it in a timely fashion or to at least warn the traveling public of the hazardous condition.
*280 Respondent asserts that it responded to the hazard as soon as it reasonably could and it asserts that the driver of the vehicle acted in a negligent manner by parking the vehicle at this location.
Frederick Allen, Supervisor for respondent in Braxton County, was responsible for the maintenance of 1-79 from the Big Otter Exit to the Flatwoods exit. He is also responsible for all ramps and interchanges on 1-79 within this area. He is familiar with the exit ramp at issue in this claim. He described the exit as a normal one-lane concrete ramp with an approximate two-foot asphalt berm to the right of the white line followed by gravel on the other side of the asphalt. According to Mr. Allen, he was informed on March 27, 2002, at approximately 3:00 p.m. that respondent’s stop sign at the 1-79 south bound Frametown exit was stolen and it needed to be replaced. He testified that he followed proper procedure by reporting it to the District Seven sign shop and ordering a new one. However, the sign shop closes at 4:00 p.m. so it could not be replaced until the afternoon of March 28,2002. He stated that his office does not keep extra signs at its facility. Mr. Allen testified that the location where Mr. Goodrich parked is not intended to be a parking area. However, there are no signs warning the traveling public to not park at this location. Mr. Allen admitted that respondent has had a great number of signs stolen in this area. He also stated that someone in his crew probably passes the location of this incident every day. Furthermore, Mr. Allen stated that it is his crew who places the sign anchors into the ground which Mr. Goodrich drove over. However, his office does not have a policy of placing any warning signs, cones, or flags in the event that one of the anchors remains exposed.
It is a well established principle that the State is neither an insurer nor a guarantor of the safety of motorists on its highways. Adkins v. Sims, 46 S.E.2d 811 (W.Va.1947). To hold resp ondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect in question and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985). Respondent has a duty to maintain the berm of a highway in a reasonably safe condition for use when the occasion requires. Compton v. Division of Highways, 21 Ct. Cl. 18 (1995). Liability may ensue when a motorist is forced onto the berm for either an emergency or otherwise necessarily uses the berm and it fails. Sweda v. Dept. of Highways, 13 Ct. Cl. 249 (1980).
in the present claim, Mr. Goodrich had a right to maneuver the vehicle to the gravel berm to check on the tires and he had a right to rely on the safety of the berm. The evidence established that respondent had notice of the broken sign post but failed to provide any warning to the traveling public. The fact that respondent was going to replace the sign in approximately twenty-four hours is not adequate protection for the traveling public. This leaves a window of opportunity for an unsuspecting traveler to drive onto the post which is exactly what occurred. This incident could have been prevented had respondent placed some sort of temporary warning to the traveling public that there was an eightto ten inch post protruding from the ground. The failure to do so in this case was negligence and the proximate cause of claimant’s damages.
Accordingly, the Court is of the opinion to and does make an award to the claimant in the amount of $1,715.08.
Award of $1,715.08.