PER CURIAM:
Claimants brought this action for damage to their 2002 Kia Sedona which occurred when Teresa Holbert, wife of claimant Steve Holbert, was driving the vehicle on County Route 54 near Maidsville, Monongalia County. Respondent maintains this route which is a part of the State road system. The Court is of the opinion to make an award in this claim for the reasons set forth herein below.
Teresa Holbert was driving claimants vehicle on the evening of December 5, 2001. It was 5:25 p.m. so it was getting dark. She was proceeding southbound on County Route 54 from her home in Mount Morris, Pennsylvania, to her mother’s home near Granville in Monongalia County.
She had her three children in the vehicle with her. She testified that she was driving thirty to forty miles per hour when she observed a truck coming toward her in the opposite lane. She drove to the right side of her lane of travel to avoid the truck when the vehicle went over a concrete block at the edge of the pavement. The right rear tire struck the concrete block causing damage to the tire and the wheel. The tire went flat so she drove to a safe place to notify her husband that she needed assistance. Although Mrs. Holbert stated that she drove this stretch of County Route 54 on a frequent basis, she had not noticed the concrete blocks at the edge of the road in the area of a culvert. She did not know how the concrete blocks came to be there. Photographs admitted in this claim depict the concrete blocks below the level of the road in an area with a culvert. There appears to be no berm at this location on County Route 54. As a result of this incident, claimants had to replace the tire and rim and have some paint work done where the rear window popped out due to the impact with the concrete block at a total cost of $227.57.
William Henderson, a crew leader for respondent in Monongalia County, testified that he is familiar with County Route 54. He went to the scene of Mrs. *319 Holbert’s accident and noticed the concrete blocks in an area where County Route 54 has a narrow place. There is a culvert that crosses beneath the road and the water empties from the culvert in that area. He was not aware that the concrete blocks were placed there and he added that respondent does not use concrete blocks similar to the ones in place there that claimants’ vehicle struck. County Route 54 is a secondary road and it is a blacktop, two-lane road marked with a center line but no edge lines. It is sixteen feet in width. The concrete blocks appeared to be parking lot curbs. He travels this road approximately once a month for maintenance purposes. There was no berm for County Route 54 in the area where the concrete blocks were situated.
The general principle followed by this Court in claims of this nature where a driver proceeds onto the berm and the berm is in a state of disrepair is that respondent will be found liable for the damages suffered by the claimant in those instances where the driver proceeded onto the berm in an emergency situation or for a valid reason. If a driver proceeds onto the berm of a road inadvertently while driving, then the driver takes the berm as he/she finds it and the Court denies the claim. In the instant claim, the driver of claimants’ vehicle went to the berm in the face of oncoming traffic, i.e., a truck coming toward her in a narrow section of road. Sweda v. Dept. of Highways, 13 Ct. Cl. 249 (1980); Compton v. Division of Highways, 21 Ct. Cl. 18 (1995). See also Hinkle v. Division of Highways, unpublished opinion issued December 10, 1990, CC-89-97. The berm on County Route 54 was nonexistent at the location where claimant attempted to maneuver onto the berm but the concrete blocks were there. There was no warning for her such as a hazard paddle to indicate the lack of a berm. Therefore, the Court finds that respondent was negligent in its maintenance of the berm at this location on County Route 54 on the date that Mrs. Holbert had her accident and that this negligence was the proximate of the damage to claimants’ vehicle.
Accordingly, the Court is of the opinion to and does make an award in the amount of $227.57 to claimants for the damages to their vehicle.
Award of $227.57.