PER CURIAM:
Claimant brought this action for damage to his 2000 Chevrolet Cavalier which occurred when his vehicle struck a portion of a broken sign post while maneuvering it off of Willow Drive in Kanawha County, to avoid an oncoming vehicle. Respondent was responsible at all times herein for the maintenance of Willow Drive in Kanawha County. The Court is of the opinion to deny this claim for the reasons set forth more fully below.
The incident giving rise to this claim occurred on April 4, 2002, between 2:00 p.m. and 4:00 p.m. Claimant described Willow Drive as a blacktop “narrow road” approximately one and one-half lanes wide. There are no stripes in the middle of the road and no white edge lines. Claimant stated that at the location of this incident the road is not wide enough for two oncoming vehicles to safely pass one another. As claimant was approaching the intersection of Willow Drive and Route 214, he suddenly met an oncoming Chevrolet Truck which forced him to maneuver his vehicle off the road where he stopped the vehicle. He estimates that his vehicle was approximately two feet off of the gravel berm resting on the grassy field when he heard a loud “crunch” noise. It was then, that he discovered that a portion of his right front bumper and fender had struck a broken sign post. Claimant admitted that he maneuvered his vehicle too far off the road. Claimant testified that there is a gravel berm about three or four feet wide just off the travel portion of the road. Once the gravel berm ends, there is a large grassy field. Claimant estimates that the grass was between one foot to eighteen inches high. He also estimated that the broken metal signpost was between six to ten inches high. He stated that the metal post was just high enough to catch his front bumper. Although claimant testified that he has lived near this location on Willow Drive for approximately two years, he has never noticed a sign or the sign post at this location. However, claimant introduced a photograph of a “narrow road” warning sign which was knocked over and laying in the grassy area near the broken sign post.
Claimant’s vehicle suffered significant damage to the front bumper and fender as well as the gravel guard. He submitted a repair bill in the amount of $521.70. However, claimant had comprehensive insurance coverage to cover this damage with a deductible feature of $250.00.
Claimant asserts that respondent knew or should have known about this broken sign post and removed it within a reasonable amount of time.
Respondent did not present any witnesses or evidence at the hearing of this matter.
It is a well established principle of law that the State is neither an insurer nor a guarantor of the safety of motorists upon its roads and highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (W.Va. 1947). In order to hold respondent liable for a road defect of this sort, the claimant must establish by a preponderance of the evidence that the respondent had actual or constructive notice of the road defect in question and a reasonable amount of time to take corrective action. Hamon v. Dept. of Highways, 16 Ct. Cl. 127 (1986), Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985). In claims pertaining to the condition of berms, the Court has held that *333 respondent has a duty to maintain the berm or shoulder area of a highway in a reasonably safe condition for use when the occasion requires. Compton v. Div. of Highways, 21 Ct. Cl. 18 (1995). Liabilitymay ensue when a motorist is forced onto the berm in an emergency or otherwise necessarily uses the berm of the highway and it fails. Sweda v. Dept. of Highways, 13 Ct. Cl. 249 (1980).
In the present claim, the Court is of the opinion that claimant’s'actions in maneuvering his vehicle off of the travel portion of the road by at least five to six feet was unreasonable under these circumstances. Thus, the Court fails to find that respondent was negligent in this claim. The evidence established that claimant had a significant and adequate amount of the gravel berm to rest his vehicle upon while the oncoming vehicle passed. The gravel berm was safe and well maintained by respondent. Claimant admitted in his own testimony that he drove too far off the side of the road. It was not foreseeable nor reasonable for respondent to expect or anticipate the traveling public to drive in the location at issue. While sympathetic to claimant’s damages, the Court is constrained by the evidence to deny this claim.
Accordingly, the Court is of the opinion to and does hereby deny this claim.
Claim disallowed.