PER CURIAM:
Claimant, Betty Shreve, brought this action for damage to her vehicle which occurred when she was traveling on County Route 9 in Wetzel County, and the vehicle struck a hole on the edge of the road. Respondent was responsible at all times herein for the maintenance of County Route 9 in Wetzel County. The Court is of the opinion to make an award in this claim for the reasons set forth below.
The incident giving rise to this claim occurred on October 11,2002, some time in the afternoon. Claimant was traveling east on County Route 9, also referred to as Sugar Run Road, in her 1988 Chevrolet S10 pickup truck. Claimant’s husband and grandson were passengers in the vehicle with her. She was on her way to New Martinsville for a doctor’s appointment. Claimant was approximately four miles from Littleton in Wetzel County when she observed an oncoming vehicle traveling at a'high rate of speed. She estimates that the oncoming vehicle was traveling approximately fifty miles per hour while claimant was traveling approximately thirty miles per hour. As the vehicle approached, claimant realized that the oncoming vehicle was drifting across the center of the road into her lane of travel and claimant was forced to maneuver her vehicle to the berm of the road. When she did so, the front passenger side tire struck a large hole. She described the impact as forceful. She also stated that she had a difficult time driving the vehicle out of the hole because the tire was stuck. The impact burst the tire and bent the wheel. Claimant described County Route 9 as a winding, unmarked one and one-half lane, blacktop road. According to claimant, the road is wide enough in some locations for two oncoming vehicles to pass safely as long as each vehicle stays within its lane. However, she stated that some locations on the road are more narrow and one oncoming vehicle may have to maneuver to the berm of the road to allow the other vehicle to pass safely. She stated that the berm varies at different locations from high to low. At the location of this incident, claimant stated that two oncoming vehicles could pass safely, but in this instance, the other vehicle was out of its lane of travel. In addition, claimant testified that at the location of the accident the berm was gravel and twelve to sixteen inch gravel berm. Claimant estimated that the hole was located a little less than twelve inches from the edge of the paved portion of the road. She estimated the hole to be eight to ten inches wide and very deep. Claimant introduced photographs into evidence at the hearing of this matter which depicted the erosion of the blacktop along the edge of the road as well as the hole in the beim just to the left of the eroded portion of the road. Claimant introduced a repair estimate into evidence for one wheel at $ 114.00, one tire at $32.99, anda center cap for $40.00. Thus, claimant seeks a total award of $198.21.
Claimant contends that respondent knew or should have known of this hole and yet failed to repair it in a timely manner.
Respondent asserts that it did not have notice of this hole and that it repaired it as soon as it received notice.
Mark Douglas Poe, the crew chief for respondent in Wetzel County at the time of this incident, is responsible for the maintenance of County Route 9. Mr. Poe is familiar with County Route 9 and the location of this incident. He stated that County Route 9 is an unmarked, secondary road. Further, he stated that respondent does not have a schedule for maintaining the road but that it is inspected and worked on if any problems are detected. Mr. Poe testified that he does not know the last time that the *50 berms were repaired along County Route 9. According to Mr. Poe, respondent had no prior complaints or notice about this hole.
It is a well established principle that the State is neither an insurer nor a guarantor of the safety of motorists on its roads and highways. Adkins v. Sims, 46 S.E.2d 81 (W.Va.1947). Toholdrespondentliable, claimantmustestablishbyapreponderance of the evidence that respondent had actual or constructive notice of the defect in question and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dept, of Highways, 16 Ct. Cl. 8 (1985). The State owes a duty of reasonable care and diligence in the maintenance of a highway. Parsons v. State Road Comm ’n., 8 Ct. Cl. 35 (1969). The respondent also has a duty to maintain the berm of a highway in a reasonably safe condition for use when the occasion requires. Compton v. Division of Highways, 21 Ct. Cl. 18 (1995). Liability may ensue when a motorist is forced onto the berm in an emergency or otherwise necessarily uses the beimofthe highway and it fails. Swedav. Dept, of Highways, 13 Ct. Cl. 249(1980).
In this claim, the evidence established that respondent had, at the least, constructive notice of the hole in the berm along County Route 9 at the location of this incident. Given the evidence that the pavement along the edge of the road where claimant drove onto the berm was deteriorated, the Court is of the opinion that this condition was present for a significant period of time as was the hole next to it. Thus, respondent should have made adequate and timely repairs.
Accordingly, the Court is of the opinion to and does make an award in this claim in the amount of $198.21.
Award of $198.21.