PER CURIAM:
Claimants brought this action for damage done to their vehicle which occurred when their son, Klint West, was driving their vehicle southbound on 1-79 near Bridgeport, Harrison County, and the vehicle struck numerous large holes on the berm of the *77 highway. Respondent was responsible at all times herein for the maintenance of 1-79 in Harrison County. The Court is of the opinion to make an award in this claim for the reasons set forth more fully below.
The incident giving rise to this claim occurred on June 21, 2002, at approximately 6:45 a.m. Claimants’ son, Klint West, was driving their 2001 Mitsubishi Eclipse southbound on 1-79 on his way to attend a class. 1-79 at this location is a four-lane, divided interstate highway with two southbound lanes and two northbound lanes. There is a white center line and yellow lines on both edges of the road. There is an asphalt berm on both sides of the southbound lanes and a grass median between the northbound and southbound lanes. Klint West had just traveled through a construction zone near the Meadowbrook Road Exit in Bridgeport. He stated that he was traveling between forty-five and fifty miles per hour as he traveled out of the construction zone which had a posted speed limit of fifty miles per hour. Klint West testified that he remained in the left lane of travel as he drove out of the construction zone. He also stated that there was a lane shift near the end of the construction zone. At this location, he approached an eighteen wheel truck in the right lane of travel. Mr. West testified that the truck was traveling adj acent to claimants’ vehicle for approximately three hundred to four hundred yards when he noticed that it began to cross over the center line. He was afraid that the truck was going to strike his vehicle so he maneuvered it to the left onto the edge of the berm. According to Mr. West, he drove on the berm approximately ten yards when, suddenly, the vehicle struck numerous large holes in the berm. Mr. West stated that there were approximately ten holes each of which was approximately six to eight inches deep and significantly long. The impact caused both left side tires to go flat immediately. Further, he stated that he could not maneuver the vehicle back onto the road because of the tire and wheel damage as well as a large “lip” between the edge of the road and the berm. Mr. West testified that if he had maneuvered the vehicle back onto the road the vehicle would probably have struck the eighteen wheel truck. Fortunately, he was able to maintain control of the vehicle so he drove onto the median and parked.
Claimant Kevin West testified at the hearing of this matter regarding the scene of this incident and the damage caused to claimants’ vehicle. He stated that he arrived at the scene of the incident fifteen minutes after his son made a telephone call. He stated that there was a State Trooper already at the scene, but he did not fill out an accident report. Kevin West also testified that he observed two or three hubcaps around the location of this incident. According to Kevin West, both left side tires and wheels were destroyed. In addition, he stated that there was damage underneath the front of the vehicle as well as a bent cross-member and body damage. The vehicle had to be towed to claimants’ home and later to a repair shop. Claimant Kevin West submitted a repair bill into evidence in the amount of $3,070.42. Claimants di d not present a receipt for the tow bills with the name of the company or the date and thus the Court will not consider those bills. However, claimants had comprehensive insurance coverage to cover this loss, with a deductible feature of $500.00. Thus, claimants are limited to the amount of their insurance deductible of $500.00. See Sommerville/State Farm Fire and Casualty v. Division of Highways, 18 Ct. Cl. 110 (1991).
Claimants assert that respondent failed adequately to maintain the berm of the road at the location of this incident and that its failure to do so was the proximate cause of their damages.
Respondent contends that it did not have notice of the condition of the berm or a reasonable amount of time to take corrective action.
*78 Gary Dyer, Supervisor for respondent at Lost Creek in Harrison County, is responsible for the maintenance of 1-79 in Harrison County from the 99 mile post to the 132 mile post which includes the location at issue. Mr. Dyer testified that either he or one of his crew members patrols this location daily. He stated that the total width of the two southbound lanes is twenty-four feet, making each lane twelve feet wide. He also stated that the berms are made of asphalt and are approximately four feet wide. According to Mr. Dyer, he was notified of this incident on June 21, 2002, and he personally went to the location and observed numerous holes in the berm of the left lane. He stated that respondent made temporary cold patch repairs that same day and on June 26,2002, permanent repairs were made using asphalt. Mr. Dyer testified that respondent did not have any prior reports of holes in the berm at this location. Further, it is his opinion that this condition did not necessarily occur- over a significant period of time, but, instead it could have occurred quickly, if a lot of traffic had been forced to drive onto this portion of the berm. He stated that the berm could have deteriorated within fifteen to twenty minutes with heavy traffic.
It is a well established principle that the State is neither an insurer nor a guarantor of the safety of motorists on its roads and highways. Adkins v. Sims, 46 S.E.2d 81 (W.Va.1947). To hold respondent liable, the claimant must establish by a preponderance of tire evidence that the respondent had actual or constructive notice of the defect in question and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985). Respondent has a duty to maintain the berm of a highway in a reasonably safe condition for use when the occasion requires. Compton v. Division of Highways, 21 Ct. Cl. 18 (1995). Liability may ensue when a motorist is forced onto the berm in an emergency or otherwise necessarily uses the berm of the highway and it fails. Sweda v. Dept. of Highways, 13 Ct. Cl. 249 (1980).
In this claim, the Court is of the opinion that the evidence established that 1-79 at the location of this incident presented a hazardous condition to the traveling public. Further, the evidence established that the driver of the vehicle, Klint West, used the berm in an emergency or, at the least, under necessary circumstances. The photographs introduced by the claimants established that there were numerous holes in the berm and that the berm was not level with the paved portion of the road. If respondent did not have actual notice of the condition of this berm, the evidence established that it at least had constructive notice. Respondent should have known that the construction work being performed near the location of this incident would force traffic onto the berm and cause damage. Respondent could have placed warning signs or barrels at the location where the berm was damaged to give notice to the traveling public. Thus, the Court concludes that negligence on the part of the respondent resulted in the damages to claimants’ vehicle.
In accordance with the findings of fact and conclusions of law as stated herein above, the Court is of the opinion to and does make an award to the claimants in the amount of $500.00.
Award of $500.00.