PER CURIAM:
Claimant brought this action for damage to his vehicle which occurred when he was operating his vehicle on County Route 10 in Wyoming County, and he was forced to drive onto the berm of the road to avoid an oncoming truck. When he drove onto the berm, his vehicle struck a large hole. Respondent was responsible at all times for the maintenance of County Route 10. The Court is of the opinion to make an award in this claim for the reasons set forth below.
The incident giving rise to this claim occurred on September 18, 2002, at approximately 11:00 a.m. Claimant was driving his 2000 Mitsubishi Eclipse southbound on County Route 10, also referred to as Jesse Mountain, near Oceana in Wyoming County. County Route 10 at this location is a two-lane, asphalt road with a double yellow center line and white lines on both edges. The berm along the southbound lane consists of gravel and it extends six feet ten inches to a guardrail. The guardrail is located in a position to prevent vehicles from traveling over the edge of the Ml. The weather on the morning at issue was uneventful and the road was dry and in otherwise good condition. Claimant was traveling between forty and forty-five miles per hour in a fifty-five mile per hour zone. As he proceeded uphill on Jesse Mountain, he observed a large truck in the northbound lane quickly approaching his vehicle. According to claimant, the truck was close to the yellow center line. In order to avoid a potential head-on collision, claimant maneuvered his vehicle to the edge of the road. He stated that once he maneuvered near the edge of the road it felt as though the tires were pulled towards the berm and his vehicle went off the road. Claimant’s vehicle struck a hole or a large drop-off area located just to the right of the white edge line. The impact was significant. It destroyed his front wheel and tire. Claimant testified that the drop-off between the white edge line of the road and the berm was approximately one foot. Claimant stated that the drop-off was so deep that the understructure of his vehicle was resting on the gravel berm and the entire front end of the vehicle was resting on the road. Claimant testified that he lives approximately two miles from the location of this incident and he travels this portion of road approximately once every two or three days. According to claimant, the berm along this portion of County Route 10 has been in a poor condition for over a year. Further, he stated that he has reported the problem to respondent on at least two occasions prior to this incident. He admits that when he called and reported the problem he stated that the berm along the entire portion of County Route 10 on Jesse Mountain was in poor condition. Claimant submitted two estimates for the damage to his vehicle. The first *98 estimate was for $446.18, and the second estimate was for $342.88, for a total of $789.06. However, claimant had comprehensive liability insurance coverage at the time of this incident which covered this loss with a deductible feature of $500.00. The claimant is limited to a recovery of his insurance deductible. See: Sommerville / State Farm Fire and Casualty v. Division of Highways, 18 Ct. Cl. 110 (1991).
Claimant contends that respondent was negligent in its maintenance of the berm at the location of this incident, and that this negligence created a hazardous condition that was the proximate cause of the damages to claimant’s vehicle.
It is respondent’s position that it did not have notice of the condition at issue. Respondent also asserts that claimant did not reasonably need to use the berm at this location.
Larry Michael Vasarhelyi, Investigator Two for respondent, is responsible for investigating claims made against the respondent. Mr. Vasarhelyi investigated this claim and visited the location at issue to take measurements. He determined the total width of the road to be twenty-one feet, six inches. The southbound lane in which claimant was traveling was eleven feet, three inches from the edge of the white line to the center line. The northbound lane was ten feet, three inches wide from the center line to the white line at the edge of the pavement. The berm along the southbound lane was six feet, ten inches from the edge of the pavement to the guardrail.
It is a well established principle of law that the State is neither an insurer nor a guarantor of the safety of motorists on its roads and highways. Adkins v. Sims, 46 S.E.2d 81 (W.Va.1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the defect in question and a reasonable amount of time to take corrective action. Chapman v. Dept, of Highways, 16 Ct. Cl. 103 (1986); Prittv. Dept, of Highways, 16 Ct. Cl. 8 (1985). The respondent owes a duty to maintain the berm of a highway in a reasonably safe condition for use when the occasion requires. Comptonv. Div. of Highways, 21 Ct. Cl. 18 (1995). Liability may ensue when a motorist is forced onto the berm in an emergency or otherwise necessarily uses the berm of a highway and it fails. Sweda v. Dept, of Highways, 13 Ct. Cl. 249 (1980).
In the present claim, the evidence established that County Route 10 at the location of this incident presented a hazardous condition to the traveling public. Testimony established that respondent had prior notice that the berm along the entire portion of County Route 10 on Jesse Mountain was in poor condition. The evidence also established that there was a large drop-off of at least one foot between the paved portion of the road and the gravel berm. Given the size of this drop-off, and claimant’s testimony that he had notified respondent of the condition approximately one year prior to this incident, the Court is of the opinion that respondent had constructive, if not actual, notice of the poor condition of this berm. Further, it was reasonable for claimant to steer to the right of his lane to avoid a collision, even if the oncoming truck did not actually cross the center line. Under these circumstances, claimant should have been able to rely upon the berm to have been in a safe condition.
In accordance with the finding of facts and conclusions of law as stated herein above, the Court is of the opinion to and does make an award to claimant in the amount of $500.00.
Award of $500.00.