PER CURIAM:
*217 Claimant brought this action for vehicle damage which occurred when her 1996 Dodge Avenger struck a portion of broken blacktop on the edge of the road and berm while she was traveling on W. Va. Route 41 near Summersville, Nicholas County. W. Va. Route 41 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more folly stated below.
The incident giving rise to this claim occurred between 1:00 p.m. on September 27,2003, a sunny day. W.Va. Route 41 is a two-lane highway at the area of the incident involved in this claim. Claimant testified that her husband, Dale Sears, was driving her vehicle on W. Va. Route 41 when another vehicle attempted to pass their vehicle. There was another vehicle approaching from the opposite direction, so her husband drove to the right side of the road to allow the passing vehicle to complete its pass of the claimant’s vehicle. They suddenly heard a low “pop” so they proceeded a short distance and stopped. They exited the vehicle to find that both passenger side rims had been bent. Later that evening they went back to look at the area where their rims had been damaged. Mr. Sears described the broken blacktop section as having about an eight (8) to ten (10) inch depth, it was probably as long as a car and it was about one (1) foot wide. The broken section extended into the white line. Claimant’s vehicle struck this broken section of blacktop and sustained damages totaling $930.68.
The position of the respondent is that it did not have actual or constructive notice of the condition on W. Va. Route 41 at the site of the claimant’s accident for the date in question.
Roger Brown, Assistant Supervisor for the respondent in Nicholas County, testified that he had no lcnowledge of this particular section of broken blacktop along the shoulder and berm on W. Va. Route 41 near Summersville for the date in question. Mr. Brown stated, however, that W. Va. Route 41 is a road that his crews work on quite often because of heavy coal truck and wood chip truck traffic. He testified that crews try to pull the stone back against the road to keep the berms maintained at least twice a year, sometimes three or four times during the year. He further stated that if any complaints are received, crews attempt to respond to these within two weeks. Mr. Brown also stated that his office receives many complaints at this time of year, however, he was aware of no complaints near the date of claimant’s accident.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986). This Court has held that the respondent has a duty to maintain the berm of a highway in a reasonably safe condition for use when the occasion requires. Compton v. Division of Highways, 21 Ct. Cl. 18 (1995). Liability may ensue when a motorist is forced onto the berm in an emergency or otherwise necessarily uses the berm of the highway and it fails. Sweda v. Dept. of Highways, 13 Ct. Cl. 249 (1980). The berm plays an integral part of any highway. It allows a driver to drive a vehicle off the road when he or she needs to do so. The berm can also be of assistance to a driver who accidentally drifts to the edge of the road. The berm provides protection for the driver to keep the vehicle from going completely off the road and it also gives a driver more time to regain control of a vehicle in the event that an emergency arises.
*218 In the instant case, the Court is of the opinion that respondent had constructive, if not actual notice of the section of broken blacktop on the edge of the road and the berm which claimant’s vehicle stock and that this presented a hazard to the traveling public. The size of the section of broken pavement and the testimony that this was an area where large trucks routinely travel lead the Court to conclude that respondent had notice of this hazardous condition. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to her vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in this claim in the amount of $930.68.
Award of $930.68.