PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their vehicle struck a hole while claimant Pamella Shields was traveling on W. Va. Route 41 near Craigsville, Nicholas County. W. Va. Route 41 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred between 1:00 p.m. and 1:30 p.m. on February 13, 2004, a clear afternoon. Claimant Pamella Shields was traveling on W. Va. Route 41 in then 2001 Chevrolet Cavalier. W. Va. Route 41 is a two-lane highway at the area of the incident involved in this claim. Claimant testified that she was driving up a slight incline when the vehicle went into a dip in the road that caused her to lose control and the vehicle swerved and struck a broken section of blacktop along the berm of the road. As a result of claimants’ vehicle striking the broken blacktop, there was damage to the right rear tire. The impact of the vehicle on the broken section of blacktop also caused damage to the front windshield, air conditioner, antenna, tail lamp and gas cap. Claimants’ vehicle sustained damage totaling $3,834.99.[4] Claimants’ insurance deductible was $500.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on W. Va. Route 41 at the site of the claimant’s accident for the date in question.
*226 Roger Brown, Assistant Supervisor for the respondent in Nicholas County, testified that he had no knowledge of any broken sections of blacktop along the berm on W. Va. Route 41 near Craigsville on the date in question. Mr. Brown stated that he was aware of no complaints concerning problems with the berm around the date of cl aimanf s accident. He further testified that based upon photographs submitted by claimant, it appeared that at some point guard rail posts had been placed next to the shoulder to try to keep it in place.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986). This Court has held that the respondent has a duty to maintain the berm of a highway in a reasonably safe condition for use when the occasion requires. Compton v. Division of Highways, 21 Ct. Cl. 18 (1995). Liability may ensue when a motorist is forced onto the berm in an emergency or otherwise necessarily uses the berm of the highway and it fails. Sweda v. Dept. of Highways, 13 Ct. Cl. 249 (1980). The berm plays an integral part of any highway. It allows a driver to drive a vehicle off the road when he or she needs to do so. The berm can also be of assistance to a driver who accidentally drifts to the edge of the road. The berm provides protection for the driver to keep the vehicle from going completely off the road and it also gives a driver more time to regain control of a vehicle in the event that an emergency arises.
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the section of broken blacktop along the berm and shoulder which claimants’ vehicle struck and that this presented a hazard to the traveling public. The size of the section of broken pavement and the testimony that this was an area where the shoulder had been reinforced lead the Court to conclude that respondent had notice of this hazardous condition. Thus, the Court finds respondent negligent and claimants may make a recovery for the damage to their vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to claimants in this claim in the amount of $500.00.
Award of $500.00.

Included in the invoice provided to the Court by the claimants were some expenses to repair the front bumper, which was damaged by the tow truck that towed the vehicle in for repairs. However, the expenses incurred to repair the damages caused directly by the vehicle striking the broken blacktop substantially exceeded the insurance deductible.