PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2009 Chevrolet Malibu struck a hole on West Virginia Route 19, locally designated as Flat Top Road, in Cool Ridge, Raleigh County. WV Route 19 is a public road maintained by Respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 7:00 a.m. on March 30, 2010. At the location of the incident, Route 19 is a two-lane road with highly worn and barely visible white edge lines with a 55 mile per hour speed limit. At the time of the incident, Claimant Dexter Asbury was driving to Beckley behind a school bus. Mr. Asbury stated that he drives this route at least twice a week, and he was aware of a large hole, approximately the length and width of a small car, two to three inches deep, extending from the middle of the road into the lane he was driving in near the Mt. View Road intersection. According to Mr. Asbury, he attempted to maneuver his car to the right to avoid the pothole in the road when his vehicle struck a hole on the berm, about eight to ten inches deep, that he had not seen before. As a result of this incident, Claimants’ vehicle sustained damage to front and rear passenger side tires and rims in the amount of $583.60. Since Claimants’ insurance declaration sheet indicates that their collision deductible is $500.00, Claimants’ recovery is limited to that amount.
*185 The position of the Respondent is that it did not have actual or constructive notice of the condition on Route 19 at the time of the incident, and further that repairs would have been impossible given the time of year. Brian Ramplewich, Crew Supervisor for Respondent in Raleigh County, testified that he is familiar with the area of the incident. Mr. Ramplewich stated that based on the time of year of the incident and photographs taken by Claimant demonstrating that the hole in question was full of water, it was his belief that Respondent could not have patched the hole because cold mix would not adhere. Nevertheless, Mr. Ramplewich conceded that the Respondent’s crew in Raleigh County had just begun using new heated remix equipment that possibly could have repaired the hole.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, Claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dept of Highways, 16 Ct. Cl. 8 (1985); Chapmanv. Dept of Highways, 16 Ct. Cl. 103 (1986). The State owes a duty of reasonable care and diligence in the maintenance of a highway. Parsons v. State Road Comm'n., 8 Ct. Cl. 35 (1969). The Respondent also has a duty to maintain the berm of a highway in a reasonably safe condition for use when the occasion requires. Compton v. Div. of Highways, 21 Ct. Cl. 18 (1995). Liability may ensue when a motorist is forced onto the berm in an emergency or otherwise necessarily uses the berm of the highway and it fails. Sweda v. Dept of Highways, 13 Ct. Cl. 249 (1980).
In the instant case, the Court is of the opinion that Respondent had, at the least, constructive notice of the condition on W.V. Route 19. Since the presence of a deep hole in the berm adjacent to a hole within the traveling portion of the road created a hazard to the traveling public, the Court finds Respondent negligent.
In view of the foregoing, it is the opinion of the Court of Claims that the Claimants should be awarded the sum of $500.00.
Award of $500.00.