PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2009 Chevrolet Impala struck a hole on the berm on WV Route 25, locally designated 1st Avenue, in Nitro, Kanawha County. Route 25 is a public road maintained by Respondent. The Court is of the opinion to deny this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred in the late afternoon on November 4, 2009. WV Route 25 is a two lane paved road with one lane of traffic in each direction, a yellow center line and two white edge lines. Claimant, Gary Lovejoy, testified that he was driving along Route 25, with his wife and grandchildren as passengers in the vehicle, when suddenly the passenger side wheels of his vehicle struck a deep and j agged hole in the berm. Mr. Lovej oy stated that he is familiar with this road, but that he had never seen this hole before. As a result of this incident, Claimant’s vehicle sustained damage to the front and rear passenger side struts, tires, *232 and rims in the amount of $955.70. Since Claimant’s insurance declaration sheet indicates that his collision deductible is $500.00, any recovery is limited to that amount.
The position of the Respondent is that it did not have actual or constructive notice of the condition of the berm on WV Route 25 at the time of the incident. Additionally, Respondent argues that it should not be liable for the damages to Claimant’s vehicle since he was not forced onto the berm out of necessity, but rather, voluntarily drove off the road. Respondent presented no witnesses.
It is a well-established principle that the State is neither an insurer nor a guarantor of the safety of motorists on its roads and highways. Adkins v. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). To hold Respondent liable, Claimant must prove that Respondent had actual or constructive notice of the defect in question and a reasonable amount of time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985). The State owes a duty of reasonable care and diligence in the maintenance of a highway. Parsons v. State Road Comm’n., 8 Ct. Cl. 35 (1969). The Respondent also has a duty to maintain the berm of a highway in a reasonably safe condition for use when the occasion requires. Comptonv. Div. of Highways, 21 Ct. Cl. 18 (1995). Liability may ensue when a motorist is forced onto the berm in an emergency or otherwise necessarily uses the berm of the highway and it fails. Sweda v. Dep’t of Highways, 13 Ct. Cl. 249 (1980).
In the instant case, the Court finds that Respondent did not have notice of the condition of the berm on WV Route 25. It is also the opinion of the Court that Claimant chose to drive on the berm and was not forced to use the berm in an emergency situation or to avoid oncoming traffic. The Court cannot hold respondent liable for failure to maintain the berm when the use of the berm was not an emergency There is insufficient evidence of negligence upon which to base an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.